## BRANCH BANK AT MOBILE v. HALLETT & WALKER.

| 12  | 671 |
| 182 | 91  |

1. A notice of the dishonor of a note, given to the executor of an indorser, before he has qualified as such, is not such a presentment, as will take the case out of the statute of non-claim.

Error to the Circuit Court of Mobile.

ASSUMPSIT by the plaintiff in error, against the defendants in error, as executors of Joshua Kennedy, indorser of a promissory note.

The facts of this case, are the same as in the preceding case, of Hallett & Walker v. The Branch Bank at Mobile, except, that when the notice was given to Hallett, of the dishonor of the note, he had not qualified as the executor of Kennedy, and the court charged, this was not evidence of a presentment of the claim under the statute.    This is the matter now assigned as error.

CAMPBELL & LESESNE, for plaintiff in error.

The question involved in this case is, whether the presentment of a claim to an executor, with the powers conferred by the will in this case, before such executor qualifies, is a sufficient presentment within the statute of non-claim.

1. An executor derives his authority from the will—the probate is a mere confirmation of that authority.    From the moment of the testator's death, he is clothed with all the decedent's authority, save in the respects excepted by statute. The appointment of an executor is to place him in the stead of the testator, and he may at once, before proof of the will, enter upon the realty and take possession of his personalty. He may, at common law, do almost any act incident to his office, except only those relating to suits.    He can pay debts and legacies, sell the estate and give releases, and although he afterwards die, these acts will be good.    [Mathews on Ex'rs, Law Lib. vol 9, t. p. 32, m. p. 76.]

2. The subsequent qualification relates back to the time of the testator's death, and ratifies all that the executor does. It is an affirmation on the part of the executor, that he accepted the trust at that time, and sustains a suit commenced either by or against him. [Mathews on Ex'rs, Law Lib. m. p. 77; Toller Ex. 165.] And the probate, although obtained after action brought, shall, when produced, relate back to the death of the testator, and so perfect and consummate his authority from that time, (1 Wms. Ex'rs, 163-4) and so *mutatis mutandis* of suits against him. [Ib. 165.] If, then, he can be sued before probate, and either his acting as executor without probate, or his subsequent probate, will be a sufficient replication to a plea of *ne unques*, it is difficult to conceive on what principle a presentation to him, within the time required by statute, but before qualification, can be held insufficient. If he had never qualified or acted, a different question would have been presented.

STEWART, contra.

ORMOND, J.—This case does not come within the case just decided, where the parties to this suit are reversed, *supra*. That decision proceeds upon the hypothesis, that the personal representative, when he received notice of the dishonor of the note, and was informed the estate was looked to for payment, could have paid the note; or in other words, that it was in law a presentment to him of the claim for payment.

But an executor, in this State, does not derive his authority to act from the will, but by the performance of those acts, which are made a prerequisite to his obtaining letters testamentary—by taking the oath required by law, executing bond, &c. Until these conditions are performed, he can do no act as executor, unless it be such as is merely conservatory of the estate. It is very clear he can do no act, which would charge the estate, and it follows necessarily, that he cannot be the means, or instrument, through whom a charge against the estate is predicated. If he could not pay the debt on presentation, the presentment to him for payment must be a nugatory act. This point was determined in Cleveland v.

Chandler, 3 Stewart, 489, where it was held, that an executor could do no act which would charge the estate, before his qualification as such under the statute. We are all of the opinion, that the notice in this case was not a presentment to the executor, within the meaning of the statute of non-claim.

Let the judgment be affirmed.