A. GARWOOD V. WILLIAM SCHLICHENMAIER, ADMINISTRATOR.

Decided January 2, 1901.

1.—Evidence—Transaction with Decedent.

Where a physician sues an administrator for medical services rendered to the latter's intestate, the plaintiff is not competent to testify that he treated the deceased and rendered the services sued for, as these are "transactions" with the deceased coming within the inhibition of article 2302 of the Revised Statutes.

2.—Physician's Bill as a Verified Account.

A physician's bill for professional services is not such an account as can be proved by affidavit under Revised Statutes, article 2323, providing that a verified open account shall be prima facie evidence of the debt.

Appeal from the County Court of Bexar. Tried below before Hon. Peter Jonas.

*W. A. Wurzbach,* for appellant.

*C. A. Goeth,* for appellee.

NEILL, ASSOCIATE JUSTICE.—This suit was brought by A. Garwood against William Schlichenmaier, administrator of the estate of Francis Horn, deceased, in the Justice Court to recover the sum of $150, the alleged value of professional services averred to have been rendered Horn during his last illness by Garwood as physician.

In the Justice Court judgment was rendered in favor of plaintiff for the amount sued for. From this judgment the administrator appealed to the County Court, where judgment was rendered in favor of Garwood for $30. From this judgment he has appealed to this court, and in the appeal the administrator has filed cross-assignments of error.

The appellant assigns as error the failure of the Court to render judgment in his favor for the entire amount sued for, upon the ground that the undisputed evidence shows that the value of the medical services rendered by him to defendant's intestate was $150.

If there were no question as to the admissibility of the evidence upon which the judgment was rendered, we would be inclined to the view that this assignment should be sustained. But the defendant assigns as error the admission over his objection of the following testimony of Dr. Garwood: "I knew Fritz Horn. I first saw him in my office on February 22, 1899. He was then in very poor health. He was an epileptic. I treated him for said disease from February 22 to April 25, 1899. I treated him nearly every day during said period of time, sometimes every two or three days. I wrote prescriptions for him frequently and gave him medicine in my office. He would have an epileptic fit about once in three weeks. I last saw him on April 25, 1899. He was then dead. I presented my claim for my services to the administrator for $150. The affidavit that I made on the 24th day of October, 1899, that

all legal offsets, payments, and credits have been allowed, was true. The administrator rejected my claim. He paid me nothing on the same. The reasonable value of my services in attending to Fritz Horn from February 22 to April 25, 1899, was $150."

The objection urged to this testimony was that Dr. Garwood, as a party to the suit against the administrator of the estate of Horn, should not be permitted to testify to any transaction with the deceased, the witness not having been called to testify by the opposite party. The testimony admitted over this objection is as stated in the assignment.

We think the following portion of the testimony quoted was, under article 2302, Revised Statutes, inadmissible: "I treated him for said disease from February 22 to April 25, 1899. I treated him nearly every day during said period, sometimes every two or three days. I wrote prescriptions for him frequently, and gave him medicine in my office." We can not agree with appellee in his contention that this testimony is not "as to any transaction with the intestate within the meaning of the statute referred to." Webster defines "transaction" as follows: "(1) The doing or performing of any business; management of any affair; performance. (2) That which is done; an affair; as the transaction of the exchange." It is defined in Anderson's Dictionary of Law to be "Whatever may be done by one person which affects another's rights, and out of which a cause of action may arise." The doing or performing of the business shown by the testimony quoted was by Garwood *with* the deceased, and was clearly such transaction as the witness was inhibited from testifying to under the statute, under which it has been held a physician was incompetent to prove his own services as such to the deceased, against the representative. Abbott's Trial Ev., 2 ed., 23. If, however, the performance of the services had been proved aliunde, when so proved it seems plantiff could have testified as to the value. Morrisette v. Wood, 26 So. Rep., 307.

An account by a physician for his services is not such as can be proved under the provisions of article 2323, Revised Statutes. The word "account" as used in that article applies to transactions between persons in which, by sale upon the one side and purchase upon the other, the title to personal property is passed from one to the other, and the relation of debtor and creditor is thereby created by general course of dealing. McCamant v. Batsell, 59 Texas, 363; Railway v. Daniels, 62 Texas, 70. The only purpose for which the account sued on was admissible in evidence was to show that it had been properly verified as a claim against Horn's estate, and that it had been rejected by the administrator, and it was error to admit it in evidence for any other purpose.

For reason of the errors pointed out by the cross assignments of error as above indicated, the judgment of the court below is reversed and the cause remanded.

*Reversed and remanded.*