# Borum, Guardian &c. *v.* Bell, Admr.

### Contest of Final Settlement of Administrator.

[Decided Feb. 13th, 1902.]

1. *Trustee in invitum, person assuming to act as guardian of non compos mentis, chargeable as.*—One who assumes to act as guardian of a person *non compos mentis*, without an in-

[Borum, Guardian, etc. v. Bell, Admr.]

quisition of lunacy and without proper authority, may be charged as a trustee *in invitum* and compelled to account in a court of chancery.

2. *Estate of insane person liable for necessaries.*—Where necessaries are furnished to an adult person, of unsound mind, a legal liability rests upon him to pay for them, which would be a debt chargeable on his estate.

3. *Claim against estate; when sufficiently definite and certain.* A claim against an estate for services and necessaries, showing to whom it is payable, what for, the years for which the services and necessaries were furnished, and the number of months, is sufficiently certain and definite to give the personal representative notice of the nature, character and amount of the claim, and to distinguish it from other claims.

4. *Evidence; when admissible as not regarding transaction with deceased person (Code, sec. 1794).*—One interested in an estate, testifying on contest of the administrator's account on final settlement, may state that the decedent stayed at her house continuously between certain dates, and then went elsewhere,—such matter not being a transaction with the deceased, or particularly within the knowledge of the deceased, but being a fact open and apparent to the public, about which any person, knowing the fact, may testify.

5. *Presentment of claim, when insufficient.*—When an account against an estate is made out and verified and left with one, who is subsequently appointed administrator of the estate, and who at the time it is so presented endorses thereon the date of its filing with him, signing his name as admnistrator, and keeps the same among his papers for over a year,—it should be disallowed on final settlement as not having been properly presented, the knowledge of the administrator not dispensing with presentment in accordance with statutory requirements

6. *Parent and child, when claim by child against parent's estate for board disallowed.*—Where there is no evidence of an express contract to pay board, a claim by a child against his father's estate for board of the parent will be disallowed.

7. *Same; admissibility of letters from child to parent, as affecting charge against parent's estate for board.*—Letters written by a child and her husband to her mother, inviting the mother and father to come and make their house their home, free of cost and without charge, are admissible and legal evidence as affecting the validity of a claim of such child against the estate of her deceased father for board.

APPEAL from Pike .Probate Court.

Tried before Hon. W. R. WHITE.

Appeal by the guardian *ad litem* of a minor heir of G. W. Killgore from the decree of the probate court on

final settlement of the accounts of Bell, administrator of said estate.  Voucher No. 4 was as follows: "Troy, Ala., Oct. 20, 1899. The Estate of G. W. Killgore, Dr. To Alex Jones to 18 months board for Mr. and Mrs.

G. W. Killgore ...............................♦...$150
To 15 months board and attention to G. W. Killgore  50
                                                    ─────
                                                    $200

This voucher was verified by the affidavit of Alex Jones, dated October 20th, 1899.  Joseph Bell testified that on October 20th, 1899, he made out the account, voucher No. 4, for Alex Jones, at his instance and request, and after Jones made affidavit to same, he left it with him, Bell.  On the same day he endorsed on the back of the account, "Filed with me Oct. 20, 1899.  Joseph Bell, Administrator."  That he put the account away among his papers and did not see it again until about December 1st, 1900, and it was in his possession all the time until paid on January 3rd, 1901.  That when he made out the account for Jones and made the endorsement of filing thereon he was not the administrator of said Killgore estate, but was appointed such on November 29th, 1899.  That after he was appointed administrator said Jones never demanded payment of said account or otherwise called his attention to the same until after the twelve months had elapsed for the filing of claims against the estate.  The evidence in the case also showed that although G. W. Killgore was of unsound mind for several years prior to his death, he had never been so declared by a writ *de lunatico inquirendo*. Joseph Bell took charge and control of his entire estate, collecting the rents, etc., and paying same out and retaining same according to his own judgment, and was never appointed guardian of said Killgore.  The other material facts are shown by the opinion.

WORTHY & GARDNER, for appellant.— (1.)  Bell was a trustee *in invitum* of the estate of Killgore and the probate court was, therefore, without authority to make the settlement.—*Moody v. Bibb*, 50 Ala. 245, 248.  (2.) Vouchers 1 and 4 were uncertain, indefinite and insufficient.—*Floyd v. Clayton*, 67 Ala. 265; *Bibb et al. v. Mitchell*, 58 Ala. 657.    (3.)  The claim of Alex Jones, voucher No. 4, was not presented according to law within twelve months after the grant of administration, and

the administrator's knowledge of the claim did not dispense with such presentation.—*Allen v. Elliott,* 67 Ala. 432; *Owens v. Corbitt,* 57 Ala. 92; *McDowell v. Jones,* 58 Ala. 25. (4.) The testimony of Mrs. Bell related to a transaction with a deceased person, in whose estate she was interested, and was inadmissible.—Code, § 1794; *Miller v. Cannon,* 84 Ala. 59; *Tisdale v. Maxwell,* 58 Ala. 40; 65 Ala. 98; 85 Ala. 522; 109 Ala. 351. (5.) The depositions of Thos. G. and F. C. Brown should not have been excluded.—*Bullard v. Lambert,* 40 Ala. 204; *Black v. Black,* 38 Ala. 111; *Aicardi v. Strange,* 38 Ala. 326; *Buckley v. Cunningham,* 34 Ala. 69. (6.) As between parent and child the law raises no presumption of an implied contract to pay board.—Bishop on Cont., p. 224, § 223; 3 Am. & Eng. Ency. Law (1st ed.), 861.

FOSTER, SAMFORD & CARROLL, *contra.*— (1.) The testimony of Mrs. Bell was not violative of section 1794 of the Code.—*Wood v. Brewer,* 73 Ala. 259; *Meadows v. Meadows,* 78 Ala. 240; *Miller v. Clay,* 57 Ala. 162; *Gable v. Whitehead,* 94 Ala. 336; *Scarborough v. Blackman,* 108 Ala. 658. (2.) The depositions of the witnesses Brown were inadmissible.—*Foster v. State,* 88 Ala. 182; *White v. Tolliver,* 110 Ala. 300; *Tornton v. Savage,* 25 So. Rep. 27, 30. (3.) The account in favor of Alex Jones, having been duly verified, and remaining in Bell's hands after he was appointed administrator, was properly and duly presented. (4.) The estate of a lunatic is liable for necessaries furnished him and his wife.—*Ex parte Worthington,* 37 Ala. 496; 16 Am. & Eng. Ency. Law (2d ed.), 625.

HARALSON, J—1. It is true that a person who assumes to act as guardian of a lunatic or person *non compos mentis,* without an inquisition of lunacy, and without proper authority, may be charged as a trustee *in invitum* and compelled to account in a court of chancery.—*Moody v. Bibb,* 50 Ala. 245; *Whetstone v. Whetstone,* 75 Ala. 496.

It is, however, well settled, that an adult person, who is of unsound mind can become liable by implied contract for necessaries suitable to his estate and condition in life; and where such necessities are furnished to him, a legal liability rests upon him to pay for them, which would be a debt chargeable on his estate.—*Ex*

*parte Northington*, 37 Ala. 496; *Davis v. Tarver*, 65 Ala. 99.

2. Voucher No. 1 objected to by the guardian is as follows:

"The estate of G. W. Killgore to Joseph Bell and wife Dr.

To board, washing, fuel and attention in the years
1895, 1896, 1897, of Mr. G. W. Killgore, at $5.00
per month,—34 months......................$170
To board, washing, fuel and attention in the years
1895, 1896, 1897, of Mrs. G. W. Killgore, at $5.00
per month,—34 months ......................$170
                                                        _____
                                                        $334

                          Cr.
By net balance of rent, after paying
doctor's bill and medicines in the
year 1895 .... .... .... ..........$52.62
By net balance of rent after paying
doctor's bill and med. in the year
1896 ..........................$73.50    $126.12
                                         _____
                                         $207.88

It is objected, that said claim fails to show in what manner the estate of G. W. Killgore is liable to said Joseph Bell and wife; that it fails to give the dates, or the time when board, washing, fuel and attention were given and rendered G. W. Killgore and wife, when the same began and ended, for each of the years therein specified; that said voucher, 1, fails to state when rent was received by said Joseph Bell and wife, for the years 1895 and 1896, and was indefinite as to the doctor's bills, medicines and the amounts thereof for each year; that the voucher fails to account for rents for the years 1897 and 1898 or to state what became of them, and that the account for board, etc., for 1895 is barred by the statute of limitations.

The claim, it must be admitted, is very indefinite in description, but technical accuracy, or the certainty of description essential in pleading is not required. Claims against estates are often made out and presented by unskilled persons, and generally, no more is required, than to inform the personal representative, on an inspection of it, of the nature, character and amount of the

claim, and must distinguish it with reasonable certainty
from all other similar claims.—*Floyd v. Clayton,* 67
Ala. 265; *Parker v. The Bank,* 121 Ala. 517.  The pres-
entation "need not be in any particular form, provided
it be sufficiently definite to notify the administrator of
its character and amount, and enable him to make pro-
vision for its payment."—5 Am. & Eng. Ency. Law, 217.
The claim was against the estate of G. W. Killgore,
shows to whom it was payable, what for, the years for
which the services and necessaries were furnished, and
the number of months.  It was properly verified by
Joseph Bell, one of the claimants, and filed in proper
time in the office of the probate judge, as required by
section 129 of the Code.  It must be held not to have
been insufficient in definiteness.  What is said as to the
sufficiency of this claim for presentation applies also
to the claim of Alex. Jones,—voucher No. 4.

3.  Mrs. Bell was examined as a witness to prove
voucher No. 1, and testified that she was the grand-
daughter of Mr. and Mrs. G. W. Killgore, deceased;
that about September, 1894, her grandparents came to
her house and stayed there continuously until July,
1897, when they left and went to their daughter's, Mrs.
F. C. Brown, in Columbus, Ga.  The guardian objected
to this evidence, on the ground that she was interested
in the result of the suit, and the evidence sought to es-
tablish a transaction between the witness and the de-
ceased.  The objection was not well taken.  The wit-
ness was not testifying to a transaction with deceased,
but to a fact, open to the observation of other persons
as well as to herself,—open and apparent to the public,
and about which any person, knowing the fact might
testify, without touching any transaction between de-
ceased and the witness.  The fact deposed to, could not
be said to be particularly within the knowledge of the
deceased, and neither the rule of exclusion provided in
the statute (Code, § 1794), nor the reason of it, as we
have heretofore held, applies in such a case.—*Wood v.
Brewer,* 73 Ala. 259; *Miller v. Cannon,* 84 Ala. 59-63; *Da-
vis v. Tarver,* 65 Ala. 99; *Tisdale v. Maxwell,* 58 Ala. 40.

4.  The knowledge on the part of the personal rep-
resentative, of the existence of a claim, however full and
complete, is not the equivalent of presentment, and does
not dispense with presentment, to avoid the statute.

*McDowell v. Jones,* 58 Ala. 25; *Allen v. Elliott,* 67 Ala. 432. Under the facts stated by Joseph Bell, when examined as a witness touching the claim of Alex. Jones, it cannot be held that there was a due presentment of said claim to him as administrator by said Jones, and the claim insisted on, should have been disallowed, on that account.—*Br. Bank of Mobile v. Hallett,* 12 Ala. 671; *M. N. Bank v. McGee,* 108 Ala. 304.

5. Voucher No. 3 should have been disallowed. No more is shown in support of it, than that Killgore and wife stayed with their daughter, Mrs. A. J. Griffin, to whom the claim was allowed for three months' board in the year 1898. No proof of an express contract to pay board was shown. Between parent and child there can be no recovery for board in the absence of an express agreement to do so.—3 Am. & Eng. Ency. Law (1st ed.), 861.

6. The depositions of Thos. G. and Fannie C. Brown were taken by the guardian. When these were offered, the administrator objected to their introduction, "on the ground that the answers of the witnesses as to Mr. and Mrs. Bell having written a letter (or letters) to Mrs. Killgore were not responsive to any question propounded to said witnesses," which objection was sustained, and the court refused to allow the same to be read in evidence. The other objections, not passed, were to certain interrogatories, and the objection above stated was the only one made against the introduction of the depositions, and the only one passed on by the court. The objections appear to have been without merit. The answers were well responsive to interrogatories, and the answers were pertinent and legal. If what these witnesses testified to, as to the contents of these letters is true, and there is no evidence in conflict with it, Bell and wife had no just claim to payment out of the estate of G. W. Killgore, for the board, washing, and fuel for which they make a charge in their account—voucher No. 1,—and which they proffered, in order to induce said Killgore and wife, to come and make their house their home, free of cost, and without the charge to them of a cent. Under this evidence, said voucher should have been disallowed.

For the error indicated, let the decree of the probate court be reversed and the cause remanded.

Reversed and remanded.