# Duggar *v.* Pitts.

## *Assumpsit.*

(DECIDED Nov. 14, 1905, 39 So. REP. 905.)

1. *Witnesses; Transaction with Deceased Person; Physicians.*—A physician is incompetent to testify in his own behalf in an action against the estate of decedent for services rendered decedent, as to how many visits he made decedent, and as to how he relieved his suffering, under the express provisions of Sec. 1794, code 1896.

2. *Appeal; Record; Review.*—Although the record does not purport to set out all the evidence on the trial, the admission of incompetent evidence will work a reversal.

3. *Witnesses; Competency; Predicate.*—Where witness was not shown to be acquainted with the customary charges for phy-

sician's services in a certain locality, such witness was not competent to testify as to the value of the service of a physician in such locality.

APPEAL from Marengo Circuit Court.

Heard before Hon JOHN T. LACKLAND.

This was an action for services as physician, begun by Dr. Pitts against the estate of W. W. Duggar, for services performed for Duggar before his death. The plaintiff was introduced as a witness on his own behalf, and permitted to testify, over the objection of the defendant administrator, to the number of visits made by him to the deceased, the medicines furnished him, the operations performed upon him, and of their disagreeable nature. The original entries made by him upon his books of his visits to deceased were also admitted in evidence. Physicians shown not to be acquainted with the customary physician charges for services where they were rendered in this case, were permitted to testify as to the value of the services rendered in this case as testified to by Dr. Pitts. All of this testimony was objected to, and its admission is now assigned as error.

EDWARD J. GILDER, for appellant.—Professional visits and treatment of a patient by a physician are transactions of the physician with the patient.—*Garwood v. Schlishenmaier*, 25 Texas C. A. 176; 60 S. W. 573; *Ross v. Ross*, 6 Hun. (N. Y.) 183. It follows therefore, that Pitts could not testify as to his treatment and other dealings with the decedent happening before his death.—Section 1794, Code 1896; *Miller v. Cannon & Co.*, 84 Ala. 59; *Mobile Bank v. McDonell*, 87 Ala. 751. The entries on appellee's books were memorandums of transactions with the deceased and not admissible.—*Dismukes v. Tolson*, 67 Ala. 386. Performing said alleged operation were also transactions with the deceased and incompetent.—All the authorities supra; *Wood v. Brewer*, 73 Ala. 262; 50 Ala. 472. For other authorities analogous, see 109 Ala. 345; 58 Ala. 43; 124 N. Y. 505, 26 N. E. 1044; 92 Hun. 272. Dr. Duggar was competent as an expert witness to prove the value of the services that appellee testified that he rendered the decedent.—*Miller v.*

[Duggar v. Pitts.]

*Cannon, supra; Morrissette v. Wood,* 123 Ala. 384; *Wood v. Brewer, supra.*

ARTHUR M. PITTS, for appellee.—The court did not err in permitting Dr. Pitts to state the number of visits etc., he made to decedent.—*Morrissette v. Wood,* 123 Ala. 348. The testimony does not fall within the influence of Section 1794 of the Code.—*Borum v. Bell,* 132 Ala. 85. However with the testimony of Dr. Pitts in or out of the case, the plaintiff was entitled to the affirmative charge and hence its admission, if error, was without injury.—*Bienville v. Mobile,* 25 Ala. 178; *Glass v. Meyer,* 124 Ala. 332; *Seymour v. Farquhar,* 93 Ala. 292; *Pritchett v. Pollok,* 81 Ala. 169; *Milliken v. Maund,* 110 Ala. 332.

ANDERSON, J.—Section 1794 of the Code of 1896 was intended to remove the ban of incompetency placed by the common law against parties of interest as witnesses, "except that no person having a pecuniary interest in the result of the suit or proceeding shall be allowed to testify against the party to whom his interest is opposed as to any transaction with or statement by the deceased person whose estate is interested in the result or proceedings." "The policy of the exception is the exclusion of parties in interest from testifying to transactions with or statements by a deceased person, when the purpose of the evidence is to diminish the rights of the deceased or those claiming in succession to him. * * * If death has sealed the lips of one party, the law intends, as to this species of evidence, to seal the lips of the living."—*Boykin v. Smith,* 65 Ala. 294. Justice BRICKELL, in discussing the exception in the case of *Louis v. Easton,* 50 Ala. 470, said: "The exception must embrace every case in which it is sought to fasten on an estate a liability by the testimony of the party with whom that liability is created." Can it be doubted for a moment that the testimony of the plaintiff, Dr. Pitts, as to the number of visits he made deceased and what he did to relieve him, did not tend to fasten a liability upon the estate of the deceased and to diminish the same, in view of the fact that the testimony of other witnesses as to

the value of plaintiff's services is hypothesized upon the number of visits and character of the treatment? We think not.

The Texas court of Civil Appeals, in discussing a statute similar to ours in the case of *Garwood v. Schlichenmaier*, 25 Tex. Civ. App. 176, 60 S. W. 573, says: "We think the following portion of the testimony quoted was, under article 2302, Sayles' Ann. Civ. St. 1897, inadmissible: 'I treated him for said disease from February 22 to April 25, 1899. I treated him nearly every day during said period, sometimes every two or three days. I wrote prescriptions for him frequently, and gave him medicine in my office.' We cannot agree with appellee in his contention that this testimony is not 'as to any transaction with the intestate within the meaning of the statute referred to.' Webster defines 'transaction' as follows: '(1) The doing or performing of any business; management of any affairs; performance. (2) That which is done; an affair; as the transaction of the exchange.' It is defined in Anderson's Dictionary of Law to be 'Whatever may be done by one person which affects another's rights, and out of which a cause of action may arise.' The doing or performing of the business shown by the testimony quoted was by Garwood with the deceased, and was clearly such transaction as the witness was inhibited from testifying to under the statute, under which it has been held a physician was incompetent to prove his own services as such to the deceased against the representative.—Abbott's Trial Ev. (2d Ed.) 23. If, however, the performance of the services had been proved aliunde, when so proved, it seems, plaintiff could have testified as to the value.—*Morrisette v. Wood*, 123 Ala. 384, 26 South. 307, 82 Am. St. Rep. 127."

The supreme court of New York, in the case of *Ross v. Ross*, 6 Hun. 182, which has been approvingly cited several times by said court, in passing upon the evidence of the plaintiff, who was a physician, and son of the deceased, and who was asked in the court below "whether he treated his father professionally within the next six years preceding his death," said: "But it is very clear that the inquiry made related to a personal transaction

between the witness and the deceased testator, upon which he was not competent to give evidence, according to the section of the code just referred to. If the evidence could have been taken, the direct tendency of it would have been to prove that he performed service about his father's person, from which the law might imply a promise on the part of the latter to pay, while, if he were living, his own evidence might disprove both of such facts. The policy of section 399 is to prevent the estates of deceased persons from being rendered liable by evidence of that description, proceeding from the surviving party to such transaction. Where that has been had personally with the deceased, the liability of the estate on account of it, if established at all, must be shown by the evidence of persons who are not parties asserting and endeavoring to sustain the claim made. The rule is a very salutary and proper one, and it has been rigidly adhered to in the administration of the laws, and under it the question was properly overruled."

The case of *Morrissett v. Wood,* 123 Ala. 384, 26 South 307, 82 Am. St. Rep. 127, is no authority to sustain the evidence of the plaintiff in the case at bar. That case simply holds that Wood was not incompetent to testify that deceased had a certain disease and the cause of his death, but nowhere decides that Wood could have testified that he visited and treated him and said case is the case referred to in the Texas case, supra. Nor does the case of *Wood v. Brewer,* 73 Ala. 259, support the admission of plaintiff's evidence in the case at bar, and is differentiated therefrom by the discussion of Stone, C. J., in the case of *Miller v. Cannon,* 84 Ala. 59, 4 South. 204. Counsel for appellee places great confidence in the case of *Borum v. Bell,* 132 Ala. 85, 31 South. 454, as an authority in support of the admissibility of this evidence. In that case the witness simply testified that "her grandparents came to her house, and stayed there continuously until July, 1897." There was nothing in the evidence to show a transaction from which the law would imply a charge upon the estate of the grandparents. There was nothing to show that they were there as boarders, and it might be inferred that they were invited guests.

In the case at bar the evidence of plaintiff as to the

[Duggar v. Pitts.]

number of professional visits made by him and what he did for the deceased was a transaction that would fasten a liability upon the estate of the decedent and comes within the exception.

It is true that there is much evidence tending to establish plaintiff's claim, independent of his own, and showing that he had treated deceased faithfully and skillfully for a number of months; but we cannot hold that it affirmatively appears that the admission of his evidence was error without injury. His was the only evidence fixing the number of visits, and while the evidence of other witnesses as to the value of services was partially based on facts independent of plaintiff's testimony, yet the number of visits were considered in estimating the value of plaintiff's services, which was not known to the witness whose evidence was partially hypothesized upon the number of visits testified to by the plaintiff. The trial court erred in not sustaining the defendant's objections to questions to the plaintiff as to visits to deceased, what he did for him, and how he relieved his suffering.

The fact that the bill of exceptions does not contain all the evidence is no reason for not reversing a cause upon the improper admissibility of the evidence. The case of *Sanders v. Steen*, 128 Ala. 633, 29 South. 586, and cases there cited, has reference to the giving of the affirmative charge, and has no application to this case.

The defendant failed to establish a predicate for the evidence of Drs. Duggar and Kimbrough as to the value of medical services in Selma, as each of them admitted they did not know the customary charges in Selma and Dallas county.—*Jonas v. King*, 81 Ala. 285, 1 South. 591.

The judgment of the circuit court is reversed, and the cause remanded.

HARALSON, DOWDELL, and DENSON, JJ., concur.