81 So.2d 596

**Guy E. BROOKS**

v.

**Orlow BROOKS, Adm'r.**

1 Div. 594.

Supreme Court of Alabama.

June 30, 1955.

Jas. E. Moore and Herndon H. Wilson, Mobile, for appellant.

118

J. B. Blackburn, Bay Minette, for appellee.

GOODWYN, Justice.

Appellant filed a claim against his mother's estate for services rendered over a period of some 29 years. The probate court denied the claim. An appeal was then taken to the circuit court. The basis of the claim, as stated in the complaint filed in the circuit court, is an alleged oral contract entered into on May 23, 1923, whereby the mother "agreed to reasonably compensate the said plaintiff out of her estate upon her death, for his services which he agreed to perform in operating or assisting in operating the farm of which she died seized during the period from, to-wit, June 1, 1923 to the date of her death, to-wit, March 20, 1952". The complaint also alleges that appellant (plaintiff) "fully performed the

said contract in all respects on his part, but that the said Emma J. Brooks (the mother) failed to perform her aforesaid agreement in that she failed to reasonably compensate the plaintiff for his said services"; and that the $30,500 claimed "is a reasonable compensation to him for the services performed by him under the aforesaid contract."

On the trial in the circuit court the plaintiff took the stand as a witness in his own behalf. He first attempted to prove the oral contract by testifying to a conversation he had with his mother. Defendant's objection to such testimony was sustained. Plaintiff then attempted, by his own testimony to prove the rendering of the alleged services and the facts and circumstances surrounding such services for the purpose of establishing the agreement by inference therefrom. Defendant's objection to this testimony was also sustained. Plaintiff then took an involuntary nonsuit. This appeal is from the judgment of nonsuit.

*Motion to strike transcript of evidence.*

■ Before reaching the merits of the case we dispose of appellee's motion to strike the reporter's transcript of evidence because it was not filed within the time prescribed by Supreme Court Rule 48, Code 1940, Tit. 7, Appendix, Pocket Part.

The trial in the circuit court was had on September 18, 1953. The appeal to the Supreme Court was taken on February 26, 1954. The reporter's transcript of the evidence was filed in the circuit clerk's office on March 30, 1954.

■ The question presented by the motion is whether Supreme Court Rule 48 is applicable or whether the provisions of Code 1940, Tit. 7, § 827(1), § 827(1a), §; 827(1b), Pocket Part, §§ 1, 2 and 3, Act No. 886, Appvd. Sept. 12, 1951, Gen.Acts. 1951, pp. 1527, 1528, as amended by Act No. 80, Appvd. June 10, 1953, Gen.Acts 1953, p. 122, control to the exclusion of Rule 48. This specific question was recently decided in Watkins v. Kelley, Ala.Sup., 80 So.2d 247, where it was held that the statute prevails. The statute provides for filing of the

reporter's transcript of evidence in the circuit clerk's office within sixty days after taking of the appeal. It is obvious that the transcript of evidence was filed within the prescribed time. Accordingly, the motion to strike is without merit and is due to be denied. It is so ordered.

### On the merits.

The correctness of the ruling excluding plaintiff's testimony concerning the conversation with his mother is not now challenged.

■ The position taken by appellant (plaintiff) is that he should have been permitted to testify with respect to the services "rendered to the testatrix, and the circumstances surrounding those services, on the theory that such evidence would tend to show that the contract alleged in the * * * complaint did in fact exist, and the jury might draw a reasonable inference of the fact of the alleged contract from such evidence."

Here involved is the following portion of § 433, Tit. 7, Code 1940, viz.:

"* * * no person having a pecuniary interest in the result of the suit or proceeding shall be allowed to testify against the party to whom his interest is opposed, as to any transaction with, or statement by, the deceased person whose estate is interested in the result of the suit or proceeding, * * *."

We are faced with a situation where the plaintiff seeks, by his own testimony alone, to establish an oral contract with a deceased person whose estate is interested in the result of the suit. It is not questioned that he cannot do this by testifying to a conversation with the decedent. The disputed question is whether he can testify concerning the services rendered, and the factual circumstances incident thereto, so as to establish the alleged oral contract by inference *from such testimony alone.* In other words, would such testimony be "as to a transaction" with the deceased mother and within the prohibition of § 433, supra?

The record does not disclose just what facts and circumstances were sought to be proved by plaintiff. It may be that some part of his testimony would have been admissible as "collateral" and "independent" facts, under the principles approved in such cases as Richards v. Williams, 231 Ala. 450, 453, 165 So. 820; Hunt v. Murdock, 229 Ala. 277, 156 So. 841; Warten v. Black, 195 Ala. 93, 95, 99, 70 So. 758, and Miller v. Cannon, 84 Ala. 59, 64, 4 So. 204. See, also, Burnett v. Garrison, 261 Ala. 622, 629, 75 So.2d 144. Cf. Duggar v. Pitts, 145 Ala. 358, 39 So. 905, 8 Ann.Cas. 146. However, as the case is presented to us we must assume that plaintiff's testimony would have related not only to "collateral" and "independent" facts, and admittedly admissible as such, but also to facts which would tend to establish, by inference, the express contract declared on. So considered, it is our view that such testimony would be as to a transaction with the decedent and prohibited by § 433, supra. (We make it clear that we are not dealing with any question as to whether the making of the contract itself must first be established before evidence of "collateral" and "independent" facts would be admissible.)

There seems no doubt that the making of the oral contract was a *transaction* with decedent. And there is no doubt that plaintiff cannot prove, by his own testimony, the making of the contract itself. So, should he be permitted to testify to facts and circumstances from which the contract might be inferred? As we see it, plaintiff's testimony to the extent that it might go to prove the express contract by inference, cannot be said to be essentially different from direct proof of the contract by him, in so far as the prohibiting clause of § 433, supra, is concerned. It seems to us that permitting him to give his own testimony *tending* to prove the contract would be permitting him in legal effect, if not directly, to testify in his own behalf to the contract itself, upon which he seeks recovery in this case. In our opinion this was not intended to be allowed by the statute, § 433, supra. To permit it would be, to say the least, a violation of the policy and spirit of the statutory prohibition.

We note that we do not have presented at this time any question as to whether the

express contract alleged in the complaint may be established by inference from the testimony of *disinterested* persons; nor whether recovery may be had on an implied contract or quantum meruit when an express contract is declared on.

Motion to strike transcript of evidence denied.

Judgment affirmed.

LIVINGSTON, C. J., concurs in the opinion. LAWSON and MERRILL, JJ., concur in the result. SIMPSON, STAKELY and MAYFIELD, JJ., dissent.

SIMPSON, Justice (dissenting).

Appellant filed a claim against the estate of the decedent and sought to testify as to services rendered the decedent in operating and taking care of her farm. Objection to this testimony was sustained and appellant was forced into a voluntary nonsuit and brings this appeal. The question is as to the admissibility and not the sufficiency of this evidence to support the claim.

It is conceded that the appellant cannot establish his claim by proof of an express oral contract through his own testimony as to conversations with the deceased. Code 1940, Title 7, § 433; Buye v. Alabama Marble Quarries, 199 Ala. 589, 75 So. 9.

But this does not preclude his testimony as to surrounding facts and circumstances tending to prove an implied contract or *quantum meruit* claim. A conversation establishing an express contract is a separate and distinct transaction from the rendering of services. The first is a private face to face dealing specifically falling within the ban of § 433. The latter, however, may or may not be covered by § 433, depending upon its nature. It is here that the *kind* of transaction is important. Rendering of services may be of a personal kind which by their very nature had to be performed in the presence of or with the knowledge and participation of the decedent, or they may be acts done in the absence of the deceased, without his or her immediate and personal participation but in that behalf. As was pointed out in Warten v. Black, 195 Ala. 93, 70 So. 758, 760 (and quoted approvingly in Burnett v. Garrison, 261 Ala. 622, 75 So.2d 144), the test is whether the deceased if alive would have been able to contradict the witness in the particulars testified about. "The rule of exclusion does not apply to evidence of facts and circumstances which, though affecting the transaction, constitute no part of it."

It was this underlying rationale which induced the decision in Duggar v. Pitts, 145 Ala. 358, 39 So. 905, holding that a physician was incompetent to testify in his own behalf in an action against the estate of a decedent for services rendered, the number of visits made and the extent of relief he afforded the decedent. This was regarded as a face to face transaction between the physician and decedent.

That status was also held to exist in Southern Natural Gas Co. v. Davidson, 225 Ala. 171, 142 So. 63, where it was held that the plaintiff in an automobile accident case could not testify as to the conduct of the defendant's deceased agent, who was driver of defendant's car.

But in Borum v. Bell, 132 Ala. 85, 31 So. 454, 455, with respect to a claim by Mrs. Bell for board of her deceased grandfather, it was held that she could testify that he "came to her house and stayed there continuously until July 1897, when [he] left" etc., the court holding that this was not a transaction with the deceased, but was as to his conduct, open and apparent to the public about which any person knowing the facts may testify.

And in the Warten case, supra, the claimant was allowed to testify as to the number of cattle he had pastured and attended for the decedent at various times, the court holding that such testimony was as to a collateral fact with reference to his claim and was not as to a transaction within the meaning of the statute.

Again in Hyde v. Starnes, 247 Ala. 26, 22 So.2d 421, the claimant was competent to testify in a *quantum meruit* claim as to what was a reasonable charge for her work in nursing and boarding the deceased.

Earlier in Hunt v. Murdock, 229 Ala. 277, 156 So. 841, the claimant was allowed to testify to the collateral fact that services were rendered.

From these cases it would appear that no particular type of claim is of consequence, but the test is the *kind* of "transaction." Because the claimant here sought to base his claim on a conversation that clearly could not be brought out in his testimony, he is not thereby precluded from testifying to facts other than the conversation, circumstances, and limited transactions on behalf of the decedent—which are entirely separate and distinct—but which may in their summation tend to prove an implied contract or *quantum meruit* claim rather than the forbidden express contract.

It results from the foregoing that I cannot agree with the majority opinion and therefore respectfully dissent.