Ralph Lamar WILKINSON, II,
Appellant,

v.

Pauline Waterman CLARK, as Independent Executrix of the Estate of Dan H. Clark, M. D., Deceased, Appellee.

No. 5783.

Court of Civil Appeals of Texas, Waco.

Oct. 13, 1977.

Rehearing Denied Dec. 8, 1977.

Fred E. Davis, Davis & Davis, Austin, for appellant.

Terry O. Tottenham, Fulbright & Jaworski, Houston, Bill M. Payne, Lawrence, Thornton, Payne & Watson, Bryan, for appellee.

OPINION

McDONALD, Chief Justice.

This is an appeal by Plaintiff Wilkinson from a take-nothing judgment in a medical malpractice suit, and involves the application of the "Dead Man's Statute" (Article 3716 VATS).

Plaintiff sued Dr. Dan H. Clark on July 8, 1974 alleging plaintiff (an A & M student) went to Dr. Clark (the Student Health Center Doctor) with an eye injury on March 26, 1973; and again later; that he thereafter consulted Dr. Brenner a specialist in Ophthalmology, and it was determined plaintiff had a detached retina which was surgically repaired by Dr. Brenner on May 20, 1973. Plaintiff alleged Dr. Clark negligent on two separate occasions 1) in failing to properly diagnose and treat him; and 2) in failing to immediately refer him to a specialist in Ophthalmology for corrective surgery. Plaintiff further alleged Dr. Clark's negligence was a proximate cause of deterioration of his eye which made surgical repair less effective, to his damage.

On September 24, 1974 plaintiff amended substituting Pauline W. Clark Independent Executrix of the Estate of Dr. Clark, as defendant, (Dr. Clark having died).

In January 1975 defendant propounded written interrogatories to plaintiff; and in May 1975 took the oral deposition of plaintiff.

Prior to trial defendant filed Motion In Limine for instruction to plaintiff not to testify as to any conversation "plaintiff had with Dr. Clark or as to any tests performed by Dr. Clark during the care and treatment provided on March 26 and April 20, 1973, because such conversations and test results are clearly transactions with the deceased as defined by the Texas Dead Man's Statute (Article 3716) and, therefore are inadmissible into evidence".

The trial court sustained such Motion In Limine, and plaintiff perfected his bill of exception to such action.

The cause was thereafter tried to the court without a jury, which rendered judgment plaintiff take nothing.

Plaintiff appeals on 2 points contending:

1) The trial court erred in holding on the basis of the Dead Man's Statute (Article 3716) that plaintiff could not testify regarding medical treatment provided by Dr. Clark.

2) The trial court erred in holding that defendant had not waived the protection of the Dead Man's Statute (Article 3716) by the interrogatories propounded to plaintiff, and the taking of plaintiff's oral deposition.

Contention 1 asserts the trial court erred in holding plaintiff could not testify regarding medical treatment provided by Dr. Clark on the basis of the Dead Man's Statute; that the Dead Man's Statute is simply inapplicable to this case.

Plaintiff testified on Bill of Exceptions that he sustained an injury to his left eye on March 17, 1973, that he went to the Medical Center and consulted with Dr. Clark on March 26, 1973; that he explained to Dr. Clark how the injury occurred and the symptoms which followed; that Dr. Clark instructed plaintiff to place a piece of paper over his right eye while Dr. Clark moved a finger in front of his left eye; that Dr. Clark performed no other tests; that Dr. Clark prescribed "Visine" and told plaintiff to come back if he did not get better; that he used the eye drops as instructed, did not improve, but worsened; that he returned to Dr. Clark on April 20, 1973; that a urinalysis and a blood sugar test were performed with results of "normal"; that Dr. Clark on determining plaintiff would be returning to his home in Houston in three weeks at the end of the semester suggested he see an ophthalmologist when he arrived in Houston, but did not indicate to him that the delay might worsen his condition; that he returned to Houston, went to see an eye specialist on May 16, 1973 who diagnosed a detached retina and performed corrective surgery on May 20, 1973; that altho the eye was corrected as best possible, he had suffered irreversible damage due to the delay in proper treatment.

Article 3716 prohibits parties testifying to transactions with, or statements by, a deceased person in actions by or against executors, administrators, heirs, guardians and legal representatives, in which action judgment may be rendered for or against them as such, unless called to testify by the opposite party.

Plaintiff is a party; Dr. Clark is deceased; the cause is an action against the executrix of deceased, and judgment may be rendered against her as such.

The words "transaction with" includes "Every method by which one person can derive impressions or information from the conduct, condition, or language of another". *Holland v. Nimitz*, Com.App., adopted 111 Tex. 419, 232 S.W. 298, 299; *Hart v. Rogers*, Tex.Civ.App., NRE, 527 S.W.2d 230; *Insurance Company of America v. Royer*, Tex. Civ.App., NRE, 547 S.W.2d 350.

"Transaction with" includes medical services rendered by a physician. *Garwood v. Schlichenmaier*, Er.Ref., 25 Tex.Civ.App. 176, 60 S.W. 573; *Anderson v. Caulk*, Tex. Civ.App., 5 S.W.2d 816, Aff'd. 120 Tex. 253, 37 S.W.2d 1008.

And in Texas the Dead Man's Statute is applicable to negligence cases involving personal injuries to a plaintiff. *Andreades v. McMillan*, Tex.Civ.App., Er.Dism'd, 256 S.W.2d 477; *Grant v. Griffin*, Tex., 390 S.W.2d 746.

The trial court properly excluded testimony of plaintiff's medical treatment provided him by Dr. Clark.

In his brief plaintiff asserts the A & M University medical records which were admitted on the bill of exceptions should be admissible on the trial of the case. We agree. *Poehnert v. Coryell*, Tex.Civ.App., NWH, 317 S.W.2d 84; *Chajkowski v. Clements*, Tex.Civ.App., Er.Dism'd, 229 S.W.2d 633; 2 McCormick Sec. 1262; *Loper v. Andrews*, Tex., 404 S.W.2d 300.

But such cannot serve to reverse this case because: 1) Plaintiff has no point in his brief complaining of any refusal of the trial court to admit such records on the trial of the case; 2) plaintiff did not tender such records into evidence on the trial of the case; 3) plaintiff's Motion In Limine did

not request the court to exclude such records. It only moved the trial court to instruct *"plaintiff* not to testify regarding any conversation that *plaintiff* had with Dr. Clark or as to any tests performed by Dr. Clark during the care and treatment provided on March 26 and April 20, 1973 * * * "; 4) the trial court sustained plaintiff's Motion In Limine, *but did not instruct plaintiff not to offer the A & M records*; it only instructed *plaintiff* not to testify.

Point 1 is overruled.

 Contention 2 asserts the trial court erred in holding that defendant had not waived the Dead Man's Statute by propounding interrogatories to plaintiff and taking plaintiff's deposition.

Plaintiff asserts specifically that Interrogatories 27 and 30 and the questions below on the deposition inquire of a transaction with the deceased.

Interrogatory 27 propounded by defendant to plaintiff reads: "Immediately or soon after the injury what effect on the vision had occurred? Thereafter, until the time that you first sought medical attention, describe the changes or effects on your vision up to and including the time that you first sought medical attention". Interrogatory 30 reads: "On the first or second visit mentioned above, did you have occasion to mention to the Doctor or be treated for any other condition other than your left eye?"

And in the deposition of plaintiff defendant inquired: "Does the Student Center have an ophthalmologist on its staff? Do you know? [A. "I don't know"] "So you certainly never checked to find out, I assume." [A. "That's true"].

When testimony of a witness, who would otherwise be incompetent to testify regarding matters covered by the Dead Man's Statute is taken by deposition or interrogatories, and the opposite party initiates an inquiry relative to a transaction with the decedent, the statute is waived and the witness may testify fully regarding *such* transaction. *Chandler v. Welborn*, 156 Tex. 312, 294 S.W.2d 801.

The questions asked on both the interrogatories and the deposition in no way covered the transactions between Dr. Clark and plaintiff concerning Dr. Clark's diagnosis and treatment of plaintiff's left eye.

Defendant did not waive the Statute by interrogatories 27 and 30, or by the inquiry above in the plaintiff's deposition.

Contention 2 is overruled.

AFFIRMED.