C. L. SMITH, Appellant,

v.

Faye SMITH, Appellee.

No. 6205.

Court of Civil Appeals of Texas, Waco.

Oct. 16, 1980.

Philip R. Lane, Marschall, Hall, McLaughlin & Lane, San Angelo, for appellant.

William Keaton Blackburn, Junction, for appellee.

OPINION

McDONALD, Chief Justice.

This is an appeal by C. L. Smith from judgment finding 2250.7 acres of land to be community property of C. C. Smith and Faye Smith, and decreeing plaintiffs Lillie Smith and C. L. Smith take nothing by their suit against defendant Faye Smith.

The guardian of Lillie Smith filed this suit against Faye Smith to cancel a deed dated January 11, 1969, from Lillie to Faye to the 2250.7 acres, alleging Lillie lacked mental capacity to execute the deed, and in trespass to try title. Faye Smith by answer denied Lillie lacked sufficient mental capacity to execute the deed; by cross action alleged she was the common law wife and sole heir of C. C. Smith (Lillie's deceased son); that Wes Smith and Lillie Smith (father and mother of C. C.) conveyed the land to C. C. by deed dated November 26, 1956; and prayed plaintiff take nothing.

Lillie Smith died before trial and C. L. Smith (her son) continued prosecution of the case, claiming an interest in the land by inheritance from Lillie, C. C. and/or Wes; alleged the deed to C. C. Smith from Wes and Lillie dated November 26, 1956, was never delivered, and that Faye was not the common law wife of C. C.

Trial was to a jury which found:

1) Lillie Smith did not lack sufficient mental capacity to execute the deed to Faye Smith on January 11, 1969.

2) Prior to his death Wes Smith delivered to C. C. Smith the deed executed by Wes Smith and Lillie Smith, dated November 26, 1956.

3) After June 25, 1955, C. C. Smith and Faye Smith agreed to be married; after such agreement, lived together as husband and wife; and represented to the public that they were married.

The trial court rendered judgment finding the 2250.7 described acres of land to be the community property of C. C. Smith and Faye Smith on November 26, 1956, and decreed Lillie Smith and C. L. Smith take nothing by their suit against Faye Smith.

Appellant C. L. Smith appeals on 7 points which summarize as 4 main contentions.

Succinctly stated the record reflects: Wes Smith and Lillie Smith were the parents of C. C. Smith, C. L. Smith and Velma Serur; C. C. Smith married Faye Smith in 1931, and they moved onto the 2250.7 acre ranch here in controversy; in 1933 Wes and Lillie deeded the 2250.7 acres to C. C.; C. C. and Faye were divorced June 24, 1955; C. C. and Faye deeded the land to Wes June 24, 1955; the day after the divorce C. C. and Faye spent the night together; Faye came back to the ranch; C. C. and Faye lived on the ranch together just as they had before the divorce until C. C. died January 1, 1969; on November 26, Wes and Lillie executed a deed to the land to C. C.; this deed was kept in Wes's bank lock box until his death March 22, 1957; after Wes's death the family met at the bank, opened the lock box, and C. C. was given the deed which he recorded March 25, 1957; Wes by will left everything he had to Lillie; on January 11, 1969, Lilie deeded the land to "my daughter in law" Faye; on January 21, 1969, Lillie was declared an incompetent and a guardian appointed for her; Lillie's guardian filed this case July 30, 1969 to cancel the January 11, 1969 deed to Faye; Lillie died June 3, 1972 and her property passed to her surviving children C. L. and Velma; Velma deeded any interest she had in the land to Faye on February 19, 1973; after Lillie's death C. L. Smith continued prosecution of this suit against Faye.

Other applicable evidence will be detailed in our discussion of appellant's contentions.

Contention 1 asserts jury finding 1, that Lillie Smith had sufficient mental capacity to execute the deed to Faye Smith on January 11, 1969, is against the great weight and preponderance of the evidence.

Lillie Smith was 88 years of age, had broken her hip, was in the hospital for a while, and on December 11, 1968, went to the Highland Nursing Home in Mason. Her son C. C. died on January 1, 1969. On January 11, 1969 she executed a deed conveying the ranch land here involved to her "daughter in law" Faye Smith. She had

grieved over the death of her son C. C.; she was forgetful; had a catheter and could not control her bowel movements; sometimes required spoon feeding; could not get out of bed by herself; she was able to push a call light for help; she sat in a wheel chair; if asked a question she could answer back; she carried on conversations; and knew what she did not want to eat; she knew later that she had signed the deed in question. There was no evidence that she did not or could not understand the nature and consequences of her act in executing the deed in question. She was adjudged incompetent by the County Court on January 21, 1969; a temporary guardian appointed for her person and estate; and such guardianship was made permanent on June 30, 1969.

 Old age, sickness or distress in mind and body may or may not constitute unsoundness of mind; and unsoundness of mind at another time, prior or after the making of a deed may or may not indicate lack of mental capacity at the time of making the deed. The controlling question is the condition of the grantor's mind at the time the deed was executed. The burden of proof was on appellant. We think under the record the jury was authorized to answer Issue 1 as they did and that their answer is not against the great weight and preponderance of the evidence. *In Re King's Estate*, 150 Tex. 662, 244 S.W.2d 660; *Fox v. Lewis* (Austin, Tex.Civ.App.) NRE, 344 S.W.2d 731.

Contention 2 asserts finding 2, that Wes Smith prior to his death, delivered the deed to C. C. Smith is against the great weight and preponderance of the evidence.

 In order for a deed to take effect as a conveyance it must be delivered. Two elements are essential to delivery. The instrument must be placed within the control of the grantee–and with the intention it become operative as a conveyance. *Steffian v. Milmo Nat. Bank*, 69 Tex. 513, 6 S.W. 823. And actual manual delivery is not necessary. Every case must depend on its own circumstances attending it, and the relations of the parties. There must be an intention to deliver and acts sufficient to

show a constructive delivery. *Hubbard v. Cox*, 76 Tex. 239, 13 S.W. 170.

C. C. and Faye Smith owned the land since 1933. When they got their divorce in June 1955 they deeded the land to C. C.'s father Wes Smith. C. C. and Faye went back together almost immediately. On November 26, 1956, Wes and Lillie Smith executed deed to the land to C. C. and kept it in his bank lock box until his death in March 1957.

 C. C. and C. L.'s sister Velma testified "that when C. C. and Faye separated C. C. gave it to daddy to keep for a while. But then he told him two or three times, well son, why don't you come on and let's go to the bank and get that back out". The jury was authorized to believe that Wes had given C. C. the deed and that C. C. had given it back to him; and under the entire record finding 2 is not against the great weight and preponderance of the evidence. *In Re King's Estate*, supra.

Contention 3 asserts finding 3, that after June 25, 1955, C. C. Smith and Faye Smith agreed to be married, and after such agreement, lived together as husband and wife and represented to the public that they were married, is against the great weight and preponderance of the evidence.

Contention 4 asserts the trial court erred in admitting the testimony of Faye Smith relating to an agreement with C. C. Smith, over objection of appellant, because such agreement was inadmissible under the Dead Man's Statute which appellant did not waive.

Faye testified that she and C. C. reached an agreement to be husband and wife no later than October 30, 1956. There is evidence: that they lived together as man and wife at the ranch from 1931 to 1955 when they got a divorce; that they immediately went back together and lived the same as before until the death of C. C. in 1969. There is testimony from a great number of witnesses who lived near C. C. and Faye that they visited in their home, received visits from them in their homes, that C. C. and Faye lived together as husband and

wife; lived after the divorce the same as before.

A valid common law marriage consists of 3 elements: 1) an agreement to be husband and wife; 2) living together as husband and wife; and 3) holding each other out to the public as such. And the agreement to be husband and wife may be inferred from proof of the other two elements. *Collora v. Navarro*, S.Ct., 574 S.W.2d 65.

And the testimony of Faye as to the agreement was admissible because appellant called Faye as a witness and inquired of her "claimed marriage for the period including the years 1955 until his death in 1969".

When testimony of a witness, who would otherwise be incompetent to testify regarding matters covered by the dead man's statute is elicited by the opposite party, the statute is waived and the witness may testify fully regarding such transaction. *Chandler v. Welborn*, 156 Tex. 312, 294 S.W.2d 801; *Wilkinson v. Clark*, (Waco, Tex.Civ.App.) NRE, 558 S.W.2d 490.

The testimony of Faye was admissible; moreover, the agreement could have been inferred by the jury from proof of the other two elements. The evidence is overwhelming in support of the jury's answer to issue 3; such answer is not against the great weight and preponderance of the evidence. *In Re King's Estate*, 244 S.W.2d 660.

All appellant's points and contentions are overruled.

AFFIRMED.