## National Woodenware and Cooperage Co. v. Mary E. Smith, Adm'x.

1. EVIDENCE—*Admission of City Ordinances Regulating Inspection of Tanks.*—Where the declaration counted upon an ordinance which made it unlawful to operate a tank subject to steam pressure, without first having obtained the inspection and approval thereof by the inspector of boilers within one year previous to such use, and the evidence showed that the tank in question was subject to steam pressure, not only at the time of the accident but occasionally prior thereto, the ordinance was properly admitted in evidence.

2. SAME—*Verdict of Coroner's Jury Admissible, When.*—The coroner's inquest over a dead person is required by statute to be sealed up and returned to the clerk of the Circuit Court. It thus becomes a public record of the county, and as such, it is competent evidence in another proceeding tending to prove any matter properly before the coroner which appears on the face of the inquest.

3. SAME—*Stockholder in Defendant Company Incompetent Witness as to Facts Existing Prior to Death of Plaintiff's Decedent.*—In a suit against a company for the death of plaintiff's decedent, a stockholder in the defendant company is incompetent to testify to facts and conditions existing prior to the death of the injured party.

Trespass on the Case.—Death from negligent act. Appeal from the Circuit Court of Peoria County; the Hon. LESLIE D. PUTERBAUGH, Judge presiding. Heard in this court at the October term, 1902. Reversed and remanded. Opinion filed January 27, 1903.

STEVENS, HORTON & ABBOTT, attorneys for appellant.

COVEY, MANN & COVEY and WOOD & ELMER, attorneys for appellee.

MR. PRESIDING JUSTICE BROWN delivered the opinion of the court.

This is a suit by the administratrix of the estate of Rufus Smith, deceased, against the National Woodenware and Cooperage Company, a corporation, to recover damages to the next of kin resulting from the death of Smith, which is alleged to have been caused by the negligence of the defendant.

Smith was an employe of the defendant in its factory at Peoria. November 30, 1900, a tank or boiler exploded in the factory while Smith was working, which permitted the

escape of steam. Smith was thereby so severely scalded that he died from that cause within a very short time.

The first trial resulted in a disagreement of the jury. On a second trial the plaintiff obtained a verdict and judgment for five thousand dollars. From that judgment the defendant prosecuted this appeal.

On the trial the condition of the plant at the time of the explosion became a material matter of inquiry. William F. Wolfner, a stockholder of the defendant company, was examined as a witness by the defense. Defendant sought to show by his testimony the general mode or plan of the construction of the plant, as it existed on December 1, 1900, the day after the accident, and also that as constructed and operated it was safe. Plaintiff objected to the competency of Wolfner to testify on these subjects. A. G. Forbes had already testified for plaintiff to the condition of the plant a few days after the accident, and had given opinions as to its safety, based in part upon what he then saw and in part upon assumptions in hypothetical questions put to him. The trial court held that Wolfner was competent to testify to the condition of the plant on December 1st, so far as related to the same matters of fact to which Forbes had testified, but was not competent to testify to anything concerning its condition on December 1st in any respect not testified to by Forbes, and was not competent to testify to its condition before or at the time of the accident, nor to give expert opinions as to the safety of the appliances then in use. Other proof had shown the condition of the plant was the same before and at the time of the accident as afterward. Plaintiff has not assigned cross-errors, and has therefore raised no question for our decision as to the competency of Wolfner to give the testimony which the court admitted. Defendant argues that the court erred in restricting Wolfner's testimony as stated. As a stockholder in the defendant company Wolfner was interested in the result of the suit, and was therefore incompetent to testify to facts and conditions existing prior to the death of Smith, whose administratrix is the plaintiff. The court sustained objections to some questions put to Wolfner by

defendant calculated to elicit a description of certain parts of the plant as they were on December 1st, on the ground that Forbes had not testified concerning the condition of that particular part after the accident. The condition of the plant after the accident was material only as it tended to show its condition prior to and at the time of the accident. In view of the undisputed fact that the general condition of the pipes, tanks and boilers was the same the next day after the accident as prior thereto, the admission of general testimony by Wolfner of their condition on December 1st would have been a practical nullification of the statute. That can not be done by indirection which the law declares shall not be done directly. We approve all the rulings of the trial court upon objections to the testimony of Wolfner which are presented by this record for consideration. Of course he was a competent witness to any material fact occurring after the death of Smith.

It is urged that the court erred in admitting in evidence, at the instance of the plaintiff, a certain ordinance of the city of Peoria, relating to the inspection of tanks subjected to steam pressure. The declaration counted upon the ordinance which made it unlawful to operate a tank subject to steam pressure, without first having obtained the inspection and approval thereof by the inspector of boilers within one year previous to such use. While this tank was not intended to be operated generally under steam pressure, yet it was designed to be operated under circumstances which might cause it to be subjected to such pressure. There is proof in the record that it was subjected to steam pressure, not only at the time of the accident but prior thereto. Under these circumstances the ordinance was properly admitted in evidence.

One of the defenses relied upon was that the injuries to Smith which resulted in his death, were caused by his own negligence. Upon the trial the defendant offered in evidence the verdict of the coroner's jury rendered at the inquest held upon the deceased December 1, 1900. The verdict recites that the deceased came to his death November 30, 1900, from being burned or scalded at the defend-

ant's works the day prior to his death, and that the injuries were inflicted through his own carelessness. The plaintiff objected and the court sustained the objection to the introduction of the verdict in evidence. This was error. The coroner's inquest over a dead person is required by statute to be sealed up and returned to the clerk of the Circuit Court. It thus becomes a public record of the county, and as such, it is competent evidence in another proceeding, tending to prove any matter properly before the coroner which appears on the face of the inquest. The court does not hold that such evidence is conclusive, but only that it is competent to be considered. On a trial of an action brought on a policy of life insurance, which contained a clause that if the assured, within three years from the date thereof, should die by any act of self-destruction whatever, whether sane or insane, the defendant, under a proper plea, offered in evidence the coroner's inquest on the dead body of the assured, showing that the latter came to his death by a pistol shot fired by his own hand, while laboring under a fit of temporary insanity, as tending to show the fact of suicide, which the court, on objection, excluded; it was held that the inquisition of the coroner was competent evidence and the trial court erred in excluding it from the jury. United States Life Insurance Company v. Vocke, 129 Ill. 557. And in Pyle v. Pyle, 158 Ill. 289, it was held that the verdict of a coroner's jury, at an inquest held on the body of a testator, may be introduced in evidence in a proceeding to set aside his will, for the purpose of showing that such testator committed suicide. And again in Grand Lodge Independent Order of Mutual Aid v. Wieting, 168 Ill. 408, the court held that the verdict rendered by a coroner's jury at the inquest of a deceased person is admissible in evidence in a suit to recover upon a certificate of insurance held by the decedent.

The defendant was entitled to have the verdict of the coroner's jury admitted in evidence. Before the court sustained the objection, the plaintiff admitted in the record that the deceased came to his death at the time and place mentioned in the verdict and that the cause of death was

scalding or burning. The admission was no justification for the ruling of the court. The defendant was, or was not, entitled to have the evidence admitted. We hold that the defendant was entitled to the benefit of this evidence and could not be required to accept in lieu thereof any admission of the plaintiff. Litigants are not obliged to waive their right to have competent evidence admitted and, be content with receiving in exchange therefor, admissions of the opposite party. Moreover, the admissions made by the plaintiff were not as broad as the findings of the coroner's jury. For the errors indicated the judgment of the Circuit Court will be reversed and the cause remanded.