STOUDEMIRE v. DAVIS. (5 Div. 788.)

(Supreme Court of Alabama. Nov. 2, 1922. Rehearing Denied Dec. 7, 1922.)

1. Pleading ⬤⟹205(2)—Demurrer must specify particular defects in complaint for negligent collision on highway.

Any defects of complaint in not averring that the highway, on which defendant is averred to have negligently run his automobile into plaintiff's motorcycle, was a public highway, is not available on demurrer, the grounds of which are general, and not specific as required by Code 1907, § 5340.

2. Evidence ⬤⟹122(6)—Exclamations just before collision res gestæ.

The fact of "hollering" at plaintiff by persons in defendant's automobile as plaintiff passed it on a motorcycle, continued till, shortly thereafter, the machines collided, one of them saying, "I will run over you," held admissible as part of the res gestæ.

3. Evidence ⬤⟹118—Declarations not inadmissible as res gestæ because made by third persons.

Declarations or exclamations falling within the res gestæ are not inadmissible because emanating from disinterested third persons.

4. Evidence ⬤⟹269(1), 313—Declarations and exclamations admissible on issue of negligent collision and effect is a jury question.

As bearing on the issue of the running down by defendant's automobile of plaintiff's motorcycle after the latter had passed the former, being negligent, reckless, or an unavoidable accident, the fact of "hollering" at plaintiff by persons in the automobile as he passed it, continued up to the collision, one of them saying, "I will run over you," held admissible; their effect and purpose being for the jury.

5. Evidence ⬤⟹123(10)—Defendant's subsequent acts admissible on question of his negligence.

As reflecting on defendant's asserted freedom from fault in running down, with his automobile, plaintiff's motorcycle, testimony, contradicted by defendant, that he ordered others not to extricate plaintiff from under the auto till he had admitted his fault in causing the collision, and that while driving him home he told plaintiff not to go to court, and that he (defendant) had a case against plaintiff, was admissible.

6. Evidence ⬤⟹473—Intoxication may be shown by testimony to impression from appearances.

One may testify from the impression the appearances made on him, as to another being drunk, or drinking on a certain occasion.

7. Damages ⬤⟹173(1)—Evidence admissible on effect of injury on capacity to work.

As bearing on the effect of plaintiff's injury on his capacity to work, he may testify as to the work he has done since the accident.

8. Highways ⬤⟹184(2)—Though action is only for personal injury, evidence of condition of his motorcycle after accident admissible on issues.

Though the complaint for injury to plaintiff claims no damage to his motorcycle, on which he was run down, evidence of the destructive effect on it of the collision is admissible on the controverted issues as to the circumstances of the collision.

9. Trial ⬤⟹255(14)—Defendant apprehending improper inclusion of damages should ask instruction.

Defendant if apprehensive, because of showing of injury to plaintiff's motorcycle, of inclusion in verdict of damages to the machine, though complaint claimed only for injury to plaintiff thereon, should request a special instruction excluding such element.

10. Highways ⬤⟹184(2)—Reckless habit of plaintiff held immaterial on any issue in collision case.

Whether plaintiff, run down on his motorcycle by defendant's automobile, shortly after plaintiff had passed defendant, was in the habit of recklessly running in front of people, held immaterial on any issue in the case.

11. Appeal and error ⬤⟹699(2)—Reference in bill of exceptions to parts of charge must be to definite language.

Reference in bill of exceptions to parts of charge by topics, rather than definite language employed, is insufficient.

⬤⟹For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**12. Damages ⬤⇒46—Implied liability for doctor's bill supports recovery therefor.**

The implied obligation of injured plaintiff to pay the bill of the attending doctor, though he was sent for by plaintiff's father, *held* such liability therefor as justified recovery of that amount.

**13. Highways ⬤⇒184(3)—Jury questions made by evidence in collision case.**

Evidence in action for running down of plaintiff on his motorcycle by defendant's automobile *held* to make questions for the jury on the issues of negligent and wanton injury.

**14. Damages ⬤⇒91(1)—Exemplary damages recoverable for wanton injury.**

Evidence tending to support the averment of wanton injury of plaintiff by defendant forbade an instruction against recovery of exemplary damages.

Appeal from Circuit Court, Tallapoosa County; S. L. Brewer, Judge.

Action by O. C. Davis against E. E. Stoudemire. From a judgment for plaintiff, defendant appeals. Affirmed.

J. Sanford Mullins, of Alexander City, and James W. Strother, of Dadeville, for appellant.

The counts were defective in failing to aver that the accident occurred on a public highway. 194 Ala. 360, 70 South. 125; 16 Ala. App. 461, 78 South. 724. Evidence of conversations between plaintiff and other parties, subsequent to the accident, was inadmissible. 204 Ala. 504, 86 South. 100; 12 Mich. Dig. 364; 132 Ala. 635, 32 South. 299; 152 Ala. 227, 44 South. 699, 126 Am. St. Rep. 28; 203 Ala. 296, 82 South. 546; 204 Ala. 148, 85 South. 428; 11 Ency. Ev. 309. Punitive damages are always in proportion to the wrong done, and while their imposition is discretionary with the jury, this discretion is not an unbridled or arbitrary one. 159 Ala. 310, 49 South. 310; 163 Ala. 170, 50 South. 975. The plaintiff cannot recover the reasonable value of medical services rendered, unless he has paid for such services or become liable therefor. 172 Ala. 495, 55 South. 307.

Smith & Morrow and Stokely, Scrivner & Dominick, all of Birmingham, for appellee.

Where a complaint is subject to demurrer, if subsequent proceedings, including the evidence submitted to the jury, show the substantial issues between the parties as they ought to have been drawn to meet a demurrer, then the action of the trial court in overruling a demurrer to the complaint, if erroneous, is without injury. 205 Ala. 330, 87 South. 825; 204 Ala. 185, 85 South. 502; 192 Ala. 534, 68 South. 417, Ann. Cas. 1917D, 929; 200 Ala. 308, 76 South. 75; 73 South. 406. A party's conduct, so far as it indicates his own belief in the weakness of his case, may be used against him as admission. 1 Wigm. Ev. § 277; 1 Greenl. Ev. (16th Ed.) 322; 165 Ala. 537, 51 South. 739; 22 C. J. 317; 180 Ala. 541, 61 South. 68; 82 S. E. 134; 112 Me. 551, 92 Atl. 787; 175 Iowa, 443, 154 N. W. 869; 63 Conn. 39, 27 Atl. 421.

McCLELLAN, J. [1] The plaintiff, appellee, was awarded judgment for damages on account of personal injuries inflicted by appellant's automobile while being operated by an agent or servant. The case was submitted to the jury on counts 1 and 3. The former declared upon simple negligence, the latter upon willful or wanton wrong, proximately causing plaintiff's injury. It is insisted that the court erred in overruling demurrer to these counts, the argument being that they were rendered defective by the omission to aver that the highway, on which the parties were averred to be when the injury occurred, was a public highway. The grounds of the demurrers to these counts, respectively, were general—did not specify, as the statute (Code, § 5340) requires, the particular, asserted defect to which the argument, only, refers. Aside from other reasons that might justify the counts (permissible general averments of negligence being employed to characterize the cause of the injury, Walker v. Ala., etc., Ry., 194 Ala. 360, 364, 70 South. 125), the court did not err in overruling the demurrers to these counts.

[2-4] The plaintiff and another, riding a motorcycle, passed defendant's automobile on a public highway. Three men besides the defendant owner were in the car. One Hardy was driving the car, and defendant was occupying a back seat. There was evidence tending to show that Hardy was the agent or servant of defendant in operating the defendant's car. Over defendant's objections, the plaintiff was allowed to introduce testimony that one or two of the four men in the automobile "hollered" at plaintiff and his companion on plaintiff's motorcycle as they passed the automobile or just after they had passed the automobile and up to the time of the collision; the plaintiff, himself, testifying that one of them said: " * * * I will run over you." The chief objection was that the testimony did not designate either defendant or Hardy (the driver) as the person making this statement or others of somewhat similar character. The car and the motorcycle traveled only a short distance (about 30 yards at the outside) before the car struck the motorcycle. The evidence for defendant, given by him and the three men with him, denied that any such statements were made as the motorcycle passed or after it passed the automobile and before the impact. The defendant's theory of nonliability

⬤⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

was supported by testimony designed to show that the injury to plaintiff was due to unavoidable accident, so far as defendant or Hardy (the driver) were concerned; that plaintiff's motorcycle "wobbled" in front of the automobile in such proximity that all diligence could not have prevented the collision. On the other hand, the plaintiff's evidence tended to show a careless, if not entirely reckless, running down of the motorcycle by the automobile. Testimony of the character under consideration was admissible in the state of the evidence before the court at the time it was presented. It was of the res gestæ of the event. According to the evidence for the plaintiff, the "hollering" described in the testimony came from the unidentified one or two of the four men in the automobile, as and after the motorcycle passed the car, the "hollering" continuing up to the collision. At the rate of speed the car was shown to be running, a very short period elapsed between the moment the motorcycle passed until the impact occurred. During this period the car was in motion toward the place of collision and the motorcycle was ahead but a short distance. If, as is in effect argued for appellant, the "hollering"— other than the statement quoted, "I will run over you"—came from the defendant's two guests in the car, and not from the defendant and Hardy (the driver), that fact would not conclude to a denial of the admissibility of this testimony. It has been held here that declarations falling within the res gestæ of the event under inquiry are not rendered inadmissible because they emanated from disinterested third persons or bystanders, so to speak. Travelers' Ins. Co. v. Whitman, 202 Ala. 388, 391, 80 South. 470. Whether the language attributed by plaintiff's evidence to undesignated one or two of the four men in the automobile was inspired by a purpose to conserve the safety of plaintiff and his companion on the motorcycle, or, on the other hand, was the result of less worthy motives, were inquiries for the jury to solve in the light of the attending circumstances. Assuming the acceptance of the plaintiff's version, it cannot be affirmed that the remarks coming from the car were without effect to explain the collision. Undoubtedly, it was for the jury to determine whether these exclamations or declarations, if made by another than Hardy, would not or did not serve to call the driver's particular attention to the plaintiff's presence and movement and suggest that degree of care the circumstances required. The expression, "I will run over you," is in a different category. If the jury credited plaintiff's version of this phase of the occurrence, it was open to inference that Hardy, who was at the wheel and in control of the car's movement, may have used the quoted expression; and, if so, its interpreta-

208 ALA.—32

tion, whether a threat or a well-intentioned warning, was a matter for the jury to decide.

[5] The plaintiff was permitted, over defendant's objections, to elicit from the witness Godfrey, a recital of statements attributed to the defendant, himself, before plaintiff and his motorcycle had been taken from under the automobile. The effect of these statements was that defendant ordered others not to extricate the plaintiff until plaintiff had admitted his "fault" in causing the collision. The impact had occurred only a few minutes before. The plaintiff was still beneath the car. Whether the statements thus and then attributed to defendant, himself, were of the res gestæ may, perhaps, be a debatable question. Nevertheless, this testimony was admissible as a circumstance susceptible of an interpretation reflecting upon the asserted freedom of fault of both defendant and Hardy in respect of the collision. If credited by the jury, the defendant sought through a character of duress to extract from the pinioned and suffering man beneath the car an admission designed to exonerate defendant and the driver from culpability in the premises. From such conduct on the part of the defendant, himself, under such circumstances, the jury might have inferred him to be inspired by a then consciousness unfavorable to innocence of wrong or blame and to have constituted, in a sense, an inculpatory declaration by the owner of the car causing the injury. Like considerations justify the court's action in admitting testimony of the statement, attributed to defendant, himself—while plaintiff was being carried home in defendant's automobile after the injury—wherein defendant was said to have told plaintiff not to go to court; that he had a case or more against plaintiff. Of a similar nature were other statements attributed to defendant wherein he was said to have charged plaintiff with the blame for the collision, declaring in profane terms plaintiff's drunkenness was the cause of plaintiff's action on this occasion. Of course, these statements—if the jury found they were in fact made notwithstanding denial by defendant's evidence —were inconclusive; their credibility, effect and weight being for the jury's appraisal.

[6] For plaintiff testimony was presented designed to show that the defendant was drunk or drinking on this occasion. The witnesses testified to the impression, in that respect, the appearances made upon them. Under the doctrine of South. & N. A. R. Co. v. McLendon, 63 Ala. 266, 276, and later decisions in its line, no error affected the action of the court in overruling objection to such testimony. 7 Encyc. of Ev. pp. 777, 778.

[7] The only grounds of objection to the question to plaintiff inquiring what work plaintiff had done since the injury were that the matter called for was immaterial and in-

competent. Under the averments of the complaint, setting forth the elements of damage claimed, it is manifest that neither of these grounds was tenable. The purpose of the examiner, evidenced by the question, was related to the effect of the injury upon his capacity to work. Mobile Light & R. Co. v. Walsh, 146 Ala. 295, 304, 305, 40 South. 560.

[8, 9] The complaint contained no claim for damages to the motorcycle, and no evidential data was given wherefrom such damage to that machine was ascertainable or measurable. It cannot be affirmed that any sum for damage to the motorcycle entered into the amount of the verdict. The evidence descriptive of the destructive effect of the collision upon the motorcycle was properly admitted for its service to show the circumstances, material to the controverted issues, surrounding the collision. If the defendant had apprehended the inclusion of such damages in a recovery by plaintiff, a special instruction, excluding that element, should have been requested.

[10] Whether the plaintiff was in the habit of recklessly running in front of people was immaterial to any issue in the case.

[11,12] The only efficient exception taken to any part of the oral charge of the court related to plaintiff's right to recover the amount of medical expense resulting from his injury. The references otherwise in the bill of exceptions to parts of the oral charge relate to topics therein, not, as is required, to definite language employed. There was at least an implied obligation upon the part of plaintiff, then an adult, to pay the doctor's bill, shown to be reasonable for the service rendered plaintiff, and hence such liability therefor by the plaintiff as to justify the recovery of that amount if, of course, the plaintiff was otherwise found entitled to judgment for the injury suffered. The fact that his father sent for the doctor did not conclude against plaintiff's implied liability to pay for these professional services to him.

Charge 7, refused to defendant, would have excluded the right of plaintiff to recover under count 1 of the complaint. It was refused without error.

[13, 14] In response to other assignments argued in brief, it will suffice to say that under the evidence the material issues tendered by counts 1 and 2 were for the jury's consideration. There was evidence tending to support the averment of aggravated wrong in count 2, and hence forbade instruction against a recovery of exemplary damages.

No error appearing, the judgment is affirmed.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.