Gregory T. VanMeter, Admr., Appellant, *vs.* Simon Goldfarb, Appellee.

*Opinion filed June 18, 1925.*

1. Injuries—*right of action for wrongful death is for benefit of next of kin—evidence.* The right of action for wrongful death as created by the Injuries act is not for the benefit of the estate of the deceased but is for the benefit of his next of kin, who are the real parties in interest within the meaning of the Evidence act.

2. Evidence—*sections 1 and 2 of Evidence act are intended to enlarge competency of witnesses.* Sections 1 and 2 of the Evidence act are not designed to restrict the admissibility of evidence but are intended to enlarge the competency of witnesses, so that, with the statutory exceptions, all persons may testify in an action.

3. Same—*purpose of provision of Evidence act in favor of representative of deceased party.* The purpose of the provision of section 2 of the Evidence act retaining the incompetency of parties as witnesses where an adverse party is suing or defending as administrator or representative in the interest of a deceased party is to guard against the temptation to give false testimony on the part of the surviving party in regard to the transaction in question and to put the two parties to the suit upon terms of equality in regard to the opportunity of giving testimony.

4. Same—*defendant in suit for wrongful death is permitted to testify to circumstances of accident as a "transaction," under Evidence act.* In an action by an administrator for wrongful death, where the next of kin, the real party in interest, is an occurrence witness and gives his version of the accident, the defendant is permitted to testify under the third exception of section 2 of the Evidence act, as the word "transaction" is used in the statute in its broad sense and includes an occurrence such as an accident resulting in death.

Appeal from the Second Division of the Appellate Court for the First District;—heard in that court on writ of error to the Circuit Court of Cook county; the Hon. David M. Brothers, Judge, presiding.

John A. Bloomingston, for appellant.

Winston, Strawn & Shaw, (John D. Black, of counsel,) for appellee.

Mr. Justice Thompson delivered the opinion of the court:

The accident out of which this action arose occurred on September 4, 1920, in an alley in the city of Chicago. Three boys, Clarence Barker, the deceased, Harold Barker, his brother, and Floyd Tripp,—eleven, nine and ten years old, respectively,—without permission of the owner were taking some grapes in the back yard of some people they did not know. They were frightened by the slamming of a door and ran into the alley. There was a fence higher than the boys' heads along the alley, so that they could not be seen by Simon Goldfarb, appellee, who was driving through the alley, until they came through the gate. Harold and Floyd ran from the lot into the alley immediately in front of Goldfarb's automobile and he barely missed striking the latter. He did not see Clarence until after he heard something strike the left side of his car, and looking back to see what it was, saw Clarence lying on the pavement. He carried him into a doctor's office, where an examination showed no injury except a small abrasion on his shin. Thereafter this abrasion became infected and the boy died in consequence thereof. An action was brought by the administrator of the estate of the deceased boy under the Injuries act, and a trial resulted in a verdict for the defendant. The judgment entered on this verdict was affirmed by the Appellate Court, and a certificate of importance having been granted, this appeal is prosecuted.

The only question presented for decision is the action of the court in permitting appellee to testify to the occurrence. He justifies the ruling on the ground that appellant called as witnesses the brother of the deceased, who was an eye-witness of the accident, and the father of the deceased, who testified merely to the age of the deceased, his previ-

ous state of health and the location of the accident. The question turns on the meaning to be given the word "transaction," as used in exception 3 of section 2 of the Evidence act. The pertinent provisions of this section read: "No party to any civil action, * * * shall be allowed to testify therein of his own motion, or in his own behalf, by virtue of the foregoing section, when any adverse party sues or defends * * * as the executor, administrator, heir, legatee or devisee of any deceased person, * * * except * * * Third—Where, in any such action, suit or proceeding, any such party suing or defending, as aforesaid, or any persons having a direct interest in the event of such action, suit or proceeding, shall testify in behalf of such party so suing or defending, to any conversation or transaction with the opposite party or party in interest, then such opposite party or party in interest shall also be permitted to testify as to the same conversation or transaction." Appellant contends that the word "transaction," as used in this statute, means a relation between parties brought about by negotiation or mutual dealing, and not a mere occurrence.

The right of action created by the Injuries act is not one for the benefit of the estate of the deceased but is one for the benefit of his next of kin, who is the real party in interest. Harold, the brother who testified, is one of the "persons having a direct interest in the event of" this action, and he testified in behalf of the party bringing the action, giving his version of the accident out of which the action arose. If this accident is a "transaction" between the deceased and appellee, within the meaning of the statute under consideration, "then such opposite party or party in interest [appellee] shall also be permitted to testify as to the same * * * transaction." *Plain* v. *Roth,* 107 Ill. 588.

The purpose of sections 1 and 2 of the Evidence act is to emancipate the parties as witnesses. Such statutes were not designed to restrict the admissibility of evidence but were intended to enlarge the competency of witnesses, so

that, with the statutory exceptions, all persons might testify
in an action. The purpose of the exception in favor of
one suing as administrator in statutes removing the incom-
petency of parties as witnesses is to guard against the temp-
tation to give false testimony in regard to the transaction
in question on the part of the surviving party and to put
the two parties to a suit upon terms of equality in regard
to the opportunity of giving testimony. (4 Jones' Commen-
taries on Evidence, sec. 773.) The sources of original in-
formation on the part of the representative of the deceased
person are so inadequate, as compared with those of the
surviving party, that the law-makers assume the representa-
tive to be utterly unable to testify as to the details of the
transaction, and therefore they exclude the adverse party.
The principal reason for the statutory exception is the sup-
posed inability of the representative to oppose the statements
of the adversary, but that reason is not applicable to a case
like the one before us. Here the next of kin, the real party
in interest, was an occurrence witness and gave his version
of it. Manifestly it would be in direct violation of the pur-
pose of the exception to bar the opposite party from giv-
ing his version of the occurrence. We are of the opinion
that the word "transaction," as used in the statute, is used
in a broad sense, and that it includes an occurrence like
the one out of which this action arises.

Our view is supported by authority. In *Metropolitan
Casualty Ins. Co.* v. *Lehigh Valley Railroad Co.* 94 N. J. L.
236, 109 Atl. 743, it was held that the word "transaction"
in a statute providing "the plaintiff may join separate causes
of action against several defendants if the causes of ac-
tion have a common question of law or fact and arose out
of the same transaction or series of transactions," includes
tortious occurrences. In *Craft Refrigerating Machine Co.*
v. *Quinnipiac Brewing Co.* 63 Conn. 551, 25 L. R. A. 856,
it is said: "A 'transaction' is something which has taken
place, whereby a cause of action has arisen. It must there-

fore consist of an act or agreement, or several acts or agreements having some connection with each other, in which more than one person is concerned, and by which the legal relations of such persons between themselves are altered." In *McArthur* v. *Moffett,* 143 Wis. 564, 128 N. W. 445, a transaction is defined as "whatever may be done by one person which affects another person's rights, and out of which a cause of action may arise." The Supreme Court of Montana, in *Scott* v. *Waggoner,* 139 Pac. 454, in construing a statute providing that a counter-claim shall consist of a cause of action arising out of the transaction set forth in the complaint, says: "The term 'transaction' is not legal and technical, it is common and colloquial; it is therefore to be construed according to the context and to approved usage. As so construed, it is broader than 'contract' and broader than 'tort,' although it may include either or both; it is that 'combination of acts and events, circumstances and defaults, which, viewed in one aspect, results in the plaintiff's right of action, and viewed in another aspect, results in the defendant's right of action,' and it applies 'to any dealings of the parties resulting in wrong, without regard to whether the wrong be done by violence, neglect or breach of contract.'" In *Barnett's Admr.* v. *Brand,* (Ky.) 177 S. W. 461, it is held: "The word 'transaction' as used in the statute relating to the admissibility of evidence of transactions or communications with deceased persons, has often received judicial interpretation, and is held to mean every variety of affairs which forms the subject of negotiations or actions between the parties." In *Lamming* v. *Galusha,* 135 N. Y. 239, 31 N. E. 1024, the court had under consideration the proper meaning to be given the word "transaction" as used in a statute which authorized the plaintiff to unite in his complaint two or more causes of action upon claims arising out of the same transaction or transactions connected with the same subject of action, and it held that an injury to real property and a

personal injury growing out of maintaining a public nuisance were both transactions connected with the subject of the action. There is no decision of this court holding that an accident is a transaction, yet we used the term in that sense in *Chicago City Railway Co.* v. *Henry,* 218 Ill. 92, when we said: "There was nothing in plaintiff's account of the transaction inconsistent with or repugnant to the fixed laws of nature."

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*