444

Grover Ogden, Administrator of the Estate of Virginia Lee Ogden, Deceased, Appellee, v. Albert J. Keck, Appellant.

Opinion filed June 5, 1929.

FARMER & KLINGEL, for appellant.

P. K. JOHNSON, for appellee.

MR. JUSTICE NEWHALL delivered the opinion of the court.

This is a suit by appellee, as administrator, to recover damages of appellant for negligently causing the death of appellee's 6-year-old child, who was struck by a truck controlled and operated by appellant.

The declaration, in general terms, alleged that appellant so carelessly, negligently and improperly drove his truck that he caused the death of appellee's intestate by running said truck over the deceased.

The case was tried before a jury, who rendered a verdict in favor of appellee for $1,400, and, after motion for a new trial was overruled, judgment was entered thereon.

The proof shows that the injury occurred at the intersection of St. Louis and Fritz Streets in the City of Lebanon. St. Louis Street runs in an easterly direction, and is intersected by Fritz Street, a north and south street. One block west of the Fritz Street intersection State Highway No. 12 runs into St. Louis Street from the south, and from that point runs eastward over St. Louis Street to and beyond the city limits of Lebanon. St. Louis Street is paved with brick, and is about 50 feet in width west of Fritz Street. East of Fritz Street, on St. Louis Street, there is a concrete roadway, 18 feet in width with a black line in the center.

Appellant was engaged in the trucking business, and, at the time in question, was driving a large auto truck. On July 30, 1927, at about 4 o'clock in the afternoon, appellant was driving eastward toward Fritz Street on St. Louis Street on the south or right-hand side of the road. As appellant approached Fritz Street, appellee's intestate and her older sister and brother were standing on the sidewalk or curb at the northeast corner of the intersection, which was the side of the street opposite the one on which appellant was driving with his truck. While these children were standing near the curb, the witness, Harry Ochs, passed them going west in his truck along the north

side of St. Louis Street. Ochs' truck passed appellant's truck either at or near the west side of the intersection. The testimony shows that, as appellant approached the intersection, he was going from 10 to 15 miles per hour, and that, at the time of crossing the intersection, he was traveling at the rate of about 10 miles per hour.

The evidence in the record as to circumstances surrounding the happening of the alleged injury is close and conflicting.

From the testimony produced by witnesses for appellee, it appears that appellant, while driving east across the intersection, turned to the left of the center black line as appellee's intestate was crossing from the north side of the crosswalk, and that the left front fender of appellant's truck struck her, knocking her down, and that the left rear wheel of his truck ran over her, causing her death a few hours later; that the impact occurred about 3 feet north of the center line of St. Louis Street near the crosswalk, and that, as a result of the impact, the girl was carried or dragged about 10 feet east of the point of impact, and the truck then traveled about 25 feet to the southeast before stopping; that, before the collision, the girls were walking across the roadway, and, just before the injury, the older girl ran back to the north side of the street, while the deceased evidently became confused or frightened at the approaching truck, and, while running south, was struck by the front of the truck.

The testimony of witnesses offered on behalf of appellant tended to show that appellant was driving his truck on the right side of the center of the roadway, and that, without previous warning, appellee's intestate broke away from her older sister, and ran directly into the path of appellant's truck some 6 or 7 feet away, and that the left rear wheel of the truck ran over the deceased; that appellant endeavored to

avoid the collision by turning his truck to the right and driving off the roadway.

Appellant contends that the record shows that the death of appellee's intestate was not caused by any negligence of appellant, but that her death was due to an unavoidable accident; that the court erred in not giving a peremptory instruction for appellant at the close of appellee's evidence, and in refusing a peremptory instruction offered at the close of all the evidence.

What is the proximate cause of an injury is ordinarily a question of fact, to be determined by the jury from a consideration of all attending circumstances, and it can only arise as a question of law when the facts are not only undisputed but are also such that there can be no difference in the judgment of reasonable men as to the inferences to be drawn from them. (*Phillabaum v. Lake Erie & W. R. Co.,* 315 Ill. 131, 135.)

Appellant, while driving the truck in question, was bound to recognize the fact, when he had knowledge that children were about to cross the street, that they might be unmindful of the danger, and it was his duty to exercise reasonable care under the circumstances. (*Morrison v. Flowers,* 308 Ill. 189.)

The proof offered on behalf of appellee tended to show that appellant was driving on the wrong side of the street, and that his car was headed toward appellee's intestate as she was about to cross the street at the crosswalk; that no previous warning was given of his approach to the crossing, and that it was a question of fact for the jury to determine from all the circumstances whether the driver was exercising that degree of care imposed upon him under the law as operator of the truck. After careful consideration of all the evidence, we do not feel warranted in holding that the verdict is manifestly against the weight of the evidence.

It is not contended by appellant that appellee's intestate, who was 6 years of age, was guilty of contributory negligence, which barred appellee from a right to recover damages in this suit. Under the decision, it is clear that such claim could not be maintained even if urged.

The jury were fully instructed at appellant's request as to the law applicable to the facts, and no complaint is made as to the giving or refusing of instructions. The only other error urged by appellant is that the trial court erred in refusing to permit appellant to testify concerning the happening of the injury.

Appellee, as administrator of the estate of Virginia Lee Ogden, prosecuted his suit to recover damages for the wrongful death of his intestate for the benefit of the next of kin under the provisions of the statute.

Neither appellee nor any of the next of kin of the deceased testified as witnesses on behalf of appellee, and, when appellant was tendered as a witness in his own behalf, his testimony was objected to by counsel for appellee for the reason that he was incompetent to testify under the provisions of section 2 of the Evidence Act, Cahill's St. ch. 51, ¶ 2. Appellant did not bring himself within any of the exceptions provided for in the Evidence Act, which would permit him to testify as a witness.

Appellant urges that, under the holding of the Supreme Court in the case of *Van Meter v. Goldfarb,* 317 Ill. 620, he should have been permitted to testify in view of the fact that Helen Ogden, one of the next of kin, was present at the time of the injury to her sister, and was available as a witness at the time of the trial, but was not called as a witness on behalf of either party; that to thus permit the failure of appellee to call as a material witness one of the next of kin of the deceased and thus render appellant incompetent to testify works a hardship and injustice to appellant.

There is some merit in appellant's contention in view of the fact that courts in other jurisdictions have held that similar provisions to our Evidence Act do not apply to actions for wrongful death, in view of the fact that the real parties in interest are the next of kin, and do not come under the express provisions of inhibition to testify. (See 40 Cyc., page 2269, and decisions cited therein.)

The Supreme Court, in the case of *Forbes v. Snyder*, 94 Ill. 374, had occasion to construe our Evidence Act as applicable in suits by administrators for wrongful death, which holding, in our judgment, is controlling in the case at bar.

We quote from page 378 of the *Forbes* case, as follows:

"Defendants were offered as witnesses generally as to matters anterior to the death of Snyder, and were held incompetent. This ruling we hold to be correct. In this action the adverse party sues as administratrix, and in such case a party or person interested is expressly excepted from the operation of the statute allowing parties to testify on their own motion in their own behalf. But it is insisted that this clause is to be confined to cases wherein the result of the suit must be to increase or diminish the estate of the deceased person, and that the damages in this case do not in any proper sense constitute a part of the estate of deceased,—are not assets for the payment of debts or for distribution to heirs or devisees. It is true these damages are not strictly any part of the estate, but they constitute a fund cast upon his next of kin by means of his death. They surely come within the letter of the statute, and, in our judgment, fall within its spirit. The tongue of Snyder is silent as to the events which led to his death. The same reasons which justify the limitation of the general statute so as to silence adverse parties where the effect of the

proceeding is to increase or decrease the estate, seem equally cogent in a case like the present."

We are not aware that the above ruling of the Supreme Court has been in any way modified or distinguished. The *Goldfarb* case only permits a defendant to testify where either the administrator or next of kin has testified in the first instance to the facts concerning the happening of the accident, and, in that event, the defendant is then permitted, under the provisions of exception 3 of section 2 of the Evidence Act, Cahill's St. ch. 51, ¶ 2, to testify to the same transaction.

For the reasons aforesaid, the judgment of the circuit court is affirmed.

*Affirmed.*