142 So. 63
### SOUTHERN NATURAL GAS CO. v. DAVIDSON.
### 6 Div. 869.

Supreme Court of Alabama.
March 10, 1932.

Rehearing Denied June 9, 1932.

172

Stokely, Scrivner, Dominick & Smith, of Birmingham, for appellant.

Fitts, Boyle & Fitts and R. B. Evins, all of Birmingham, for appellee.

FOSTER, J.

This is an action for damages resulting from a collision of a car of defendant driven by one Ed Green, as its agent, etc., with that driven by plaintiff on a highway in this state.

█ Plaintiff's theory was that Ed Green was under the influence of intoxicating liquor at the time—admittedly material evidence. A witness may testify that the conduct and appearance of another was that he was intoxicated (May v. State, 167 Ala. 36 (8), 52 So. 602; Stoudemire v. Davis, 208 Ala. 495, 94 So. 498; Burke v. Tidwell, 211 Ala. 673, 101 So. 599), but we do not think it is meant that such is the only method of proving intoxication. What is logically relevant for that purpose is legally relevant, and admissible unless some other rule is violated. A collection of circumstances held relevant is set out in the note to 19 Corpus Juris, 802.

█ We think that the assignments of error 1, 2, 3, and 6 relate to evidence of circumstances which taken together are relevant to show intoxication of Ed Green. Though no one of them by itself may be proof of it, each is a circumstance of more or less value in connection with the others. From them all and other circumstances in the case the jury could infer that he was intoxicated.

██ Appellant also insists that the rule prescribed by section 7721, Code, prohibited plaintiff from testifying to the conduct of Ed Green at the time of the collision, on account of the pecuniary interest of plaintiff and because Ed Green was then and there the agent of defendant and acting in a fiduciary capacity to defendant, and was dead at the time of the trial. He was killed as a result of the collision. Section 7721, Code, applies, among other conditions, when (1) the witness has a pecuniary interest in the result of the suit, and (2) the deceased acted in a representative relation to the party against whom the evidence is offered, and (3) he testifies to a transaction with the deceased. The facts in this case show the existence of (1) and (2), supra. The only question is whether they show a *transaction* with deceased.

In Borum v. Bell, 132 Ala. 85, 31 So. 454, this court, with respect to a claim by Mrs. Bell for board of her deceased grandfather, held that she could testify that he "came to her house and stayed there continuously until July 1897, when he left," etc. This was held not to be a transaction with deceased, and was as to his conduct open and apparent to the public.

A similar application of the rule occurs in Warten v. Black, 195 Ala. 93, 70 So. 758, 760, in which an interested party was allowed to testify that he had cared for the cattle of deceased, and the number of them; for that this did not relate directly but only collateral-

ly to a transaction with deceased, citing Miller v. Cannon, 84 Ala. 59, 4 So. 204, and Wood v. Brewer, 73 Ala. 259, both by Judge Stone, and quoting from the latter case, that to come within the influence of the statute the testimony "must be [of] some act done by the deceased, or in the doing of which he personally participated." In both these cases the evidence related to what was called "collateral facts," but there is excluded all "negotiations, interviews and actions between the parties." It was also shown that a "transaction" involved the idea that "something (was) done by both parties acting in concert, in which both took part," and does not include matter which did not come to his knowledge by personal dealings with deceased. Moore v. Moore, 212 Ala. 685, 103 So. 892; 28 R. C. L. 496, 497; 40 Cyc. 2314.

In the case of Duggar v. Pitts, 145 Ala. 358, 39 So. 905, 8 Ann. Cas. 146, this court held that it was reversible error to permit a physician suing the estate of a deceased to testify to the number of visits he made the deceased, and what he did to relieve his suffering.

In our case of Cobb v. Owen, 150 Ala. 410, 43 So. 826, there was a suit by the administratrix of deceased against defendant for his wrongful death by personal encounter. The court held that the defendant could not testify to his own conduct in the transaction to show that deceased and not he was the aggressor. That was based upon the assumption that in such a suit the estate of deceased is interested. But in the later case of Kuykendall v. Edmondson, 205 Ala. 265, 87 So. 882, so much of that decision which held that the evidence was incompetent because the estate was interested was overruled, as the suit was not for the estate, but the distributees, and therefore it was held that in such a case the rule of exclusion did not apply.

In the case of Buye v. Ala. Marble Quarries, 199 Ala. 589, 75 So. 9, the general manager of defendant who was a stockholder was held to be incompetent in a suit by the administratrix for wrongful death to testify that he had given deceased certain instructions. It is noted that this case is in line with Cobb v. Owen, supra, which was partly overruled as we have stated, though the Buye Case, supra, was not mentioned. We take it, however, that it has yielded to Kuykendall v. Edmondson, supra, as has Nevers Lumber Co. v. Fields, 151 Ala. 367, 44 So. 81, in this respect. Other authorities support our latest statement on the subject. Hale v. Kearly, 67 Tenn. (8 Baxt.) 49; Lake Erie, etc., R. Co. v. Charman, 161 Ind. 95, 67 N. E. 923; McEwen v. Springfield, 64 Ga. 159; Cent. Iron Co. v. Hamacher (C. C. A.) 248 F. 50; Thomas v. Chicago, R. I. & P. Rwy. Co. (Mo. App.) 271 S. W. 862; Thomas v. Daues, 314 Mo. 13, 283 S. W. 51, 45 A. L. R. 1466. See annotations 36 A. L. R. 962, et seq.

174

It is said in 5 Jones on Evidence, §§ 2228 and 2261, that such a rule of exclusion as our section 7721 applies to tort actions as well as others. Our cases make no distinction. The authorities do not seem to be influenced by the kind of suit, but the character of the incidents related by the witness. Our cases exclude conversations, orders, and all forms of communications between the parties, and all their personal dealings and conduct. The evidence of matter which is open and public is not the test. But the test is that it relates to some personal dealings whether others have an equal opportunity to see and observe or not. The concurring conduct of the participants constituting the res gestæ of a personal conflict or encounter between them has been held to be a transaction within the effect of such a statute. Souther v. Belleau, 203 Ky. 508, 262 S. W. 619, 36 A. L. R. 956, 963; DiNardi v. Standard L. & S. Co., 3 Boyce (Del.) 369, 84 A. 124; Van Meter v. Goldfarb, 317 Ill. 620, 148 N. E. 391, 41 A. L. R. 343; Foster v. Shepherd, 258 Ill. 164, 101 N. E. 411, 45 L. R. A. (N. S.) 167, Ann. Cas. 1914B, 572; Miller v. Dayton, 57 Iowa 423, 10 N. W. 814; McCarthy v. Woolston, 210 App. Div. 152, 205 N. Y. S. 507; National Woodenware, etc., Co. v. Smith, 108 Ill. App. 477; Ogden v. Keck, 253 Ill. App. 444; Abelein v. Porter, 45 App. Div. 307, 61 N. Y. S. 144; Barnett v. Brand, 165 Ky. 616, 177 S. W. 461.

The conduct of Ed Green constituting that which is alleged to have been negligent and a breach of duty to plaintiff causing his injuries and damage, which occurred in his presence, and a part of the res gestæ of such negligent conduct was of the nature of personal dealings with plaintiff under the rule, and constituted a "transaction" within the meaning of our statute. Appellant duly excepted to the rulings of the court as to such evidence, and we think that in this there was reversible error.

We do not think it necessary to consider the other assignments of error, as the same questions may not be again presented.

For the errors indicated, the judgment is reversed, and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.

On Rehearing.

FOSTER, J.

■ Appellee invokes the doctrine that when rulings on evidence are harmless, as when they could not affect the result of the case on account of the undisputed facts, or other state of the evidence, such rulings, though erroneous, will not be cause for reversal. Such is the rule. First Nat. Bank v. Chaffin, 118 Ala. 246, 24 So. 80; Bienville Water Supply Co. v. Mobile, 125 Ala. 178, 27 So. 781; Alabama Power Co. v. Fergusen, 205 Ala. 204, 87 So. 796; Hackney v. Dudley, 216 Ala. 400, 113 So. 401; Chitwood v. Blackwood, 220 Ala. 75, 124 So. 110; Reynolds v. Massey, 219 Ala. 265, 122 So. 29; Curtis v. Riddle, 177 Ala. 128, 59 So. 47; M. L. & R. Co. v. Portiss, 195 Ala. 320, 70 So. 136.

The questions submitted to the jury were, the simple negligence of the decedent, his wanton or willful misconduct, and plaintiff's contributory negligence. We have read in consultation the evidence of the witnesses showing the conduct of the decedent and of plaintiff in the transaction. Other witnesses testified to much of the same matter as did plaintiff. But he went more into detail in relating the conduct of decedent and of himself in the transaction. He was in better position to know and to note such circumstances than any of the others. The jury was called upon to draw inferences from them, the exactness of which and their relation to each other were important in thus concluding. Under those circumstances, we think plaintiff's chances for a favorable result were probably benefited by such testimony which he gave, and that it strengthened his position before the jury.

We do not care to make further comment on the principles which we discussed in our former opinion.

Application for rehearing overruled.