Alice Stemkowski, Administrator of Estate of Adolph Walter Stemkowski, Appellant, v. J. H. Patterson Company, Appellee.

Gen. No. 9,979.

Dove, P. J., concurring in result.

Opinion filed September 19, 1944. Rehearing denied December 12, 1944. Released for publication January 9, 1945.

B. Jay Knight, of Rockford, for appellant; Roy F. Hall, of Rockford, of counsel.

Burrell & Burrell, of Freeport, for appellee; David M. Burrell, of Freeport, of counsel.

Mr. Justice Huffman delivered the opinion of the court.

This is an action by appellant as administrator of the estate of her five year old son, brought under the Injuries Act, for wrongful death. Appellant and her family live in an outlying district adjacent to the City of Rockford. A narrow roadway runs in front of the residence and is surfaced with an oil and asphalt compound, being what is commonly called a black-top road. The road runs east and west.

On the day in question, appellant's intestate, together with two other small boys, was playing along the south side of the road. Edsil Harrolle at the time in question, was in the employ of appellee and engaged in the operation of one of its trucks. Appellant's intestate was struck by the left front fender of the truck, which threw him in such a manner that the rear wheels passed over his body, causing death. Appellant brings this appeal from judgment on verdict for appellee defendant.

The evidence shows the surfaced portion of the road in question to be approximately 15 feet in width. The photographs in evidence disclose there are no sidewalks along either side of the road and that the yards in front of the houses extend out to either edge of the black-top surface of the road.

'The evidence is undisputed that appellant's intestate, together with two other small boys, was playing along the south side of the highway; that appellee's driver was approaching from the east with a truck load of coal; that he was driving at a speed of 10 or 15 miles per hour; that the truck and load weighed 13,900 pounds; that the road was level and clear; that no automobiles were approaching the place in question from either direction; that the driver first saw the children along the side of the roadway, at a distance of about two and a half blocks; that he judged they were four or five years old; that he did not continue to watch them; that he could have seen them had he looked; that there was nothing to prevent his watching the children; that they were in plain view; that he knew the road was narrow; that the boys were near the south edge of the black-top; that he did not sound any horn or give any warning of his approach, as he came to the place where they were standing; that he had driven over that street many times, and had seen children playing along the sides of the road; that he does not know what part of the truck first came in contact with the deceased; that the road was dry, the brakes on the truck in good condition, and the day clear.

The driver of the truck states that when he was about five or six feet from the deceased, he saw him take two or three steps backward, which carried him toward the south edge of the black-top portion of the road. It appears from the evidence that the left front fender struck the boy, throwing him in such a manner

that the left rear wheels passed over his body, causing his death.

Appellant urges the driver of the truck was negligent and did not use reasonable and ordinary care under the circumstances. In this respect they argue that the driver knew the habit of children in this neighborhood in playing along this road; that he knew these children were present on the day in question; that he admits he did not observe them from his first notice of their presence, over two blocks away, until when within five or six feet of the place where the deceased was standing, when he saw him take several steps backward toward the side of the truck. They urge the driver was negligent in not observing the children and in not giving warning of his approach.

The question of traffic interference is not involved in this case. According to appellee's driver, no traffic was approaching him and no traffic was following him at the time in question. Therefore, he had nothing to divert his attention and nothing to obstruct his view of the children at the side of the road. We are of the opinion the driver of this truck in approaching the place where the children were playing, owed them the duty of reasonable and ordinary care. Knowing that children were accustomed to playing in and along this street, it was the duty of the driver in the exercise of reasonable and ordinary care, to either give warning of his approach or to keep the children under such observation and his truck under such control, that he would not run over them. *Morrison v. Flowers,* 308 Ill. 189, 196; *Ogden v. Keck,* 253 Ill. App. 444, 447; *Kuzminski v. Waser,* 314 Ill. App. 438, 454. Also, in this connection we find that sub-section (d) of par. 172, § 75, ch. 95½, Ill. Rev. Stat. [Jones Ill. Stats. Ann. 85.204] provides that every driver of a vehicle shall exercise proper precaution upon observing any child upon a roadway.

It is clear from the testimony of the driver of the truck that he was in no way surprised by the presence of the deceased, nor hindered in the operation of the truck by traffic. He knew the children were there and he knew it was the habit of children in this neighborhood to play upon and along this road. He states he could have seen the deceased as he approached the place of the accident, had he looked. The evidence shows after becoming aware of the presence of the boys for more than two blocks away, he paid no further attention to them, and sounded no warning of his approach.

Under the circumstances, we are of the opinion the judgment should be reversed and the cause remanded.

*Reversed and remanded.*

Dove, P. J.: I concur in the holding that the judgment should be reversed and the cause remanded.