MAXINE BAIN, Adm'rx of the Estate of Eugene Bain, Deceased, Plaintiff-Appellant, *v.* EDWARD L. SCHNORR *et al.*, Defendants-Appellees.

Second District (2nd Division) No. 75-34

Opinion filed February 13, 1976.

C. M. Glosser, of Rochelle, for appellant.

David K. Guest and Fearer & Nye, both of Rochelle, for appellees.

Mr. JUSTICE DIXON delivered the opinion of the court:

This is an appeal from an order of the Circuit Court of Ogle County, Illinois, which found for the defendants, Edward L. Schnorr and The

National Bank of Rochelle, and against the plaintiff, Maxine Bain, administrator of the estate of Eugene Bain, her deceased husband, on her complaint for money she alleged to be due the decedent's estate, and which dismissed the counterclaim of the Bank against defendant Schnorr for whatever amount the Bank might be held to owe the administrator.

The decedent had operated an automobile sales agency in the City of Rochelle, Illinois, from 1933 until his death in 1971, and also the Bain Body Shop, in Rochelle, which was separate from the automobile agency. Edward L. Schnorr had worked for the decedent from 1948 until his death, managing the body shop for him. Mrs. Bain was the bookkeeper for the automobile agency and the body shop. After her husband's death Mrs. Bain went over the body shop's records, investigated some of its accounts, and concluded that her husband had not received the full amount due from Mr. Schnorr as payments obtained from customers. She thereupon filed this suit against Mr. Schnorr, on May 30, 1973, for the total amount she considered to be shortages, alleging that Mr. Schnorr had cashed certain checks without authority and converted the proceeds to his own use. She joined the Bank as a defendant by reason of its having cashed checks made out to Eugene Bain or Bain's Body Shop on the endorsement of Mr. Schnorr, alleging that the Bank had not had authority to do so. The Bank filed its counterclaim against Mr. Schnorr on the basis of his express and implied representations that he had authority to cash the body shop's checks.

At the ensuing bench trial Mrs. Bain testified in her own behalf, and thereafter Mr. Schnorr was permitted to testify. The issue of controlling importance at the trial, and the only issue requiring our consideration on this appeal, is whether the testimony which was given by Mrs. Bain allowed Mr. Schnorr's testimony to be received under section 2 of the Evidence Act as it then read. (Ill. Rev. Stat. 1971, ch. 51, §2.) This section of the statutes, commonly known as the Dead Man's Act, was substantially changed by act effective October 1, 1973, but the amendatory act was made applicable only to proceedings commenced on or after its effective date and so does not apply to the case before us.

Mrs. Bain testified, at the hearing before the trial court, that Mr. Schnorr made estimates, wrote out repair orders, did the necessary body work, and did the billing for the work; that he was authorized by her husband to make the appraisals, do the work, and do the billing; that in a number of instances he billed customers and received checks for larger amounts than the amounts shown on the repair orders; that his signature appeared on the back of those checks; that he was never

authorized to endorse checks or cash checks; that he turned over to her husband only the amounts shown on the repair orders; and that her husband never received the difference between those amounts and the amounts of the customers' checks.

Mr. Schnorr testified that he had been employed by the decedent from 1948 to 1971 and had managed the body shop for him. Over the plaintiff's objections he testified, further, that his duties consisted of making estimates, ordering parts, doing the work, and making out the final bills; that another person, Herman Kaiser, also did repair work in the body shop during 1969, 1970 and 1971, but was not on the decedent's payroll; that the decedent said not to put Mr. Kaiser on the payroll; that Mr. Kaiser did part or all of the work in connection with most of the transactions questioned by the plaintiff; that the decedent specifically authorized and instructed him, Mr. Schnorr, to cash checks received; that out of the proceeds of the checks he paid Mr. Kaiser for his services, and also paid rent for additional space for cars, and wrecker charges incurred; and that Mr. Kaiser was not available to testify because he was in intensive care at a hospital in Rockford, Illinois.

The position of the plaintiff, appealing from the ruling against her, is that her testifying as to what the books and records showed and as to Mr. Schnorr's lack of authority to cash checks did not permit Mr. Schnorr to testify as to other matters in order to explain what he did with some of the money he received from customers. The position of the defendants is that when the plaintiff testified on the subject of Mr. Schnorr's authority to cash checks, she made him competent to testify as to the entire "transaction" as that term is used in the Dead Man's Act, and this allowed him to explain the apparent discrepancies in the accounts.

■■ The third exception contained in the Dead Man's Act, before the 1973 amendment of that Act, provided that if an executor or other protected party, or any interested person, should testify in behalf of the protected party "to any conversation or transaction with the opposite party or party in interest, then such opposite party or party in interest shall also be permitted to testify as to the same conversation or transaction." (Ill. Rev. Stat. 1971, ch. 51, §2; see Gard, Illinois Evidence Manual 513, R. 413 (1963).) The Illinois Supreme Court has held that the word "transaction" was used in this statute in a broad sense. (*VanMeter v. Goldfarb*, 317 Ill. 620, 623; accord, *People ex rel. Carpentier v. Lange*, 8 Ill. 2d 437, 441.) It has indicated that in the context of this statute, the term should be considered broad enough to encompass "every variety of affairs which forms the subject of negotiations or actions

between the parties." (*VanMeter v. Goldfarb*, 317 Ill. 620, 624.) It has held that an expanded meaning for the term "transaction" is particularly appropriate where the evidence on closely related aspects of a situation is "inextricably intermingled." (*Newman v. Youngblood*, 394 Ill. 617, 627.) Therefore we take the view that "transaction" is sufficiently broad to include the entire business relationship between the decedent and Mr. Schnorr, including the arrangements for the cashing of checks and for the payment of expenses, and so the testimony of the plaintiff that Mr. Schnorr did not have authority to cash checks opened the door for the testimony of Mr. Schnorr rebutting her testimony and explaining that part of the proceeds had to be used for payment of business expenses incurred in operating the body shop.

■■ The Supreme Court has explained that the purpose of the exceptions in the Dead Man's Act permitting testimony as to the "same conversation or transaction" was to allow both parties to be "on equal ground. Otherwise there would be no one to confront the representative of a deceased person." (*Firke v. McClure*, 389 Ill. 543, 551.) If Mrs. Bain could have testified that Mr. Schnorr did not have authority to cash checks and then raised the bar of the Dead Man's Act to prevent Mr. Schnorr from testifying that he did have such authority, that he had cashed checks of the body shop for some time, and that he had had to do so to pay expenses of operating the business, the parties would not have been on equal ground and Mr. Schnorr would have been at a disadvantage in defending the charges she had made against him. Therefore it appears to us that this was not a case where the Dead Man's Act should have been applied.

For the reasons stated, the order of the Circuit Court of Ogle County is affirmed.

Order affirmed.

RECHENMACHER, P. J., and T. J. MORAN, J., concur.